## MURPHREE vs. SINGLETON.

[TROVER FOR CONVERSION OF PROMISSORY NOTE.]

1. *Executor's assent to legacy.*—The law will not presume an executor's assent to a legacy to himself, in the absence of all acts or declarations conducing to show an assent; but, where an executrix, to whom a promissory note is bequeathed, afterwards marries, and her husband transfers the note to a third person, such transfer must be deemed an assent by him to his wife's legacy.

2. *Husband's interest in, and transfer of, promissory note belonging to wife's separate estate.*—Under the woman's laws of this State, if the husband reduces to his possession, as trustee, a promissory note belonging to his wife's separate estate, he thereby becomes the proprietor of it, so far as the accruing interest is concerned; and his sale or transfer of it, without the participation of the wife, conveys to the purchaser the accruing interest; yet the wife thereby acquires a right of action against the purchaser for a conversion, for which she may maintain trover after the husband's death.

3. *Admissibility of declarations of third persons.*—In trover by the wife, after the death of the husband, for the conversion of a promissory note belonging to her separate estate, the declarations of her deceased husband, to the effect that he had sold or transferred the note to the defendant, are not competent evidence for the defendant.

4. *Presumption of injury from error.*—The circuit court having given an erroneous charge to the jury, in favor of the plaintiff's right to recover, the appellate court cannot presume that the error worked no injury to the defendant, and therefore refuse to reverse at his instance, merely because the evidence *tended to show* facts which, if they existed, justified the plaintiff's recovery on another ground.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. PORTER KING.

THIS action was brought by Mrs. Laura Singleton, against Gains B. Murphree, to recover damages for the conversion of a promissory note for $ 240, made by Rush Elmore, dated the 8th November, 1861, and payable, two years after date, to Martha Sims or order. It was proved on the trial, as the bill of exceptions shows, that the payee of the note died in January, 1852, having bequeathed the note in controversy, with all her other personal property, notes and

accounts, to the plaintiff, whom she also appointed her executrix ; that said will was duly admitted to probate, and letters testamentary thereon granted to the plaintiff, on the 21st February, 1852.; that on the 28th October, 1852, the plaintiff married one James S. Singleton, who died before the commencement of this suit ; that said note was in the possession of the plaintiff, from the time of her qualification as executrix, until her marriage with Singleton; that the defendant afterwards, during the life-time of Singleton, had possession of it, controlled it as his own, and collected the amount due on it before the commencement of this suit ; "and the proof further tended to show, that said Singleton, after his marriage with plaintiff, had traded said note to defendant." The defendant offered to prove, that said Singleton, in December, 1852, or January, 1853, had a conversation with defendant, in which he (Singleton) stated that he had sold said note to defendant for a pair of mules ; which evidence the court excluded from the jury, on the plaintiff's objection, and the defendant excepted. There was no proof as to whether there were any debts against the estate of said Martha Sims, other than appears from the will itself ; and there was no proof that there had ever been any settlement of said estate, nor that said Singleton had ever been removed as trustee of his wife."

"The court charged the jury—1st, that the law presumed, on the facts herein set forth, that the plaintiff had assented to the legacy to herself before her marriage with Singleton; 2d, that the law presumed, on the facts herein set forth, that said note was the separate estate of the plaintiff at the date of her marriage with Singleton, and that she could maintain an action in her own name, after the death of said Singleton, to recover damages for the conversion of said note ; 3d, that if Singleton traded said note to defendant, the plaintiff could not recover interest on the sum of money therein specified until after the death of Singleton, since he was entitled to the interest thereon during his life."

The defendant excepted to each of these charges, and then requested the court to instruct the jury—

"1. That if the note sued on belonged to the estate of Martha Sims, and the plaintiff qualified as her executrix, and took possession of said note as belonging to said estate, and, before her marriage with Singleton, had done nothing more with said note, or with the estate of said Martha Sims,—then the law would not presume that, at the time of her marriage with Singleton, the said note was the property of the plaintiff in her individual right, but would presume that it then belonged to the estate of said Martha Sims.

"2. That if they should find, under the evidence and the previous charge of the court, that the said note belonged to the plaintiff, at the time of her marriage with Singleton, as her own property; still, if they should further find that said Singleton traded said note to the defendant, and afterwards died, without having been removed from the trusteeship of his wife's estate, then the plaintiff could not maintain this action in her own name."

The court refused each of these charges, and the defendant excepted to their refusal; and he now assigns the same as error, together with the other rulings of the court to which, as above stated, he reserved exceptions.

WATTS, JUDGE & JACKSON, for appellant.—1. The law could not presume the plaintiff's assent to her own legacy, within eighteen months after the grant of letters testamentary, without any proof of the payment of the debts of the estate, or any act or declaration on her part tending to show her assent.—2 Wms. Ex. 1183–85; 2 Lomax, 133; *Walker v. Walker*, 26 Ala. 263, and authorities there cited; *Horton v. Averett*, 20 Ala. 719.

2. If there had been no assent to the legacy up to the time when Singleton traded the note to the defendant, his private sale of the note was illegal and void, and did not divest the title of the estate.—*Fambro v. Gantt*, 12 Ala. 298; *Pistole v. Street*, 5 Porter, 64; *Swink's Adm'r v. Snodgrass*, 17 Ala. 653. But he and his wife were both estopped by that act, and an administrator *de bonis non* only could maintain a suit for the recovery of the note.

3. Singleton being entitled to the interest accruing on the note, (*Sessions v. Sessions*, 33 Ala. 522,) his declarations were competent evidence to show that he had transferred all his right to the defendant.

Jno. A. ELMORE, *contra.*—1. The plaintiff's legacy was not clogged with any conditions or restrictions, and it was manifestly beneficial to her; consequently, her assent to it as executrix must be presumed, on the same principle that presumes a creditor's assent to a deed of trust which is beneficial to him. Some act or declaration of an executor is necessary to show his assent to a legacy to a third person, because his assent cannot be otherwise known; but there is no necessity for any manifestation of his assent to his own legacy, nor any appropriate method of manifesting his assent.

2. The transfer of the note by Singleton, after his marriage, showed an unequivocal assent on his part, and perfected the legatee's title; consequently, the charge of the court, if erroneous, could not have injured the defendant.

3. The declarations of Singleton were mere hearsay. If they were admissible for any purpose, it could only have been to bar the recovery of any interest on the note, which the charge of the court disallowed; consequently, their rejection was, at most, error without injury.

A. J. WALKER, C. J.—The first charge given by the court, is erroneous. In case of a legacy bequeathed to an executor, where the two characters of executor and legatee are united in the same person, the same rule prevails which governs in other cases—that there must be either an express or an implied assent to the legacy, before it can be regarded as severed from the estate, and vested in the legatee.—2 Williams on Executors, 1184; 2 Lomax on Executors, 133; 1 Roper on Legacies, 849. The principle that the acceptance of a deed of trust by a creditor, when the conveyance is beneficial to him, will be presumed, affords no analogy to guide us in the decision of the ques-

tion in hand, as is argued by the appellee's counsel. The question is not, whether the individual accepted the legacy when it was tendered to him, and it was beneficial to him to accept it; but, whether the executor assented that the individual should have the legacy as his property, separated from the estate. It may be that the law would from circumstances imply the assent of the executor, in such a case as this, the more readily; but there is no principle known to us, which will authorize the implication in the absence of any acts or declarations conducing to show it.—*Walker v. Walker*, 26 Ala. 262.

By the marriage of the plaintiff, her husband became co-representative of the estate, and it was competent for him to assent to the legacy. The assent of one executor is sufficient.—1 Roper on Legacies, 845. Any act of an executor, showing that he has dealt with the property as if it belonged to the legatee, authorizes the implication of his assent to the legacy.—1 Roper on Legacies, 848. The husband was authorized by 'the woman's law' of this State to receive his wife's legacy; and upon receiving it, he would be entitled to the income and profits. Upon reducing the note to his possession as trustee, he would become a proprietor of it so far as the accruing interest was concerned; but he would have no right to transfer the note itself, without the participation of the wife. The husband's transfer would simply carry the interest accruing after the marriage. The sale of the note by the husband was, therefore, a valid transfer of his ownership of the interest due on the note after the marriage. It involved the exercise of an individual ownership over the note, and must be deemed an assent to the legacy, in which he was himself interested. The result is, that when the husband sold the note, a right of action accrued to the wife, for the conversion of the note by the purchaser; and this right was not lost by the husband's death.

[3.] The declarations of Singleton, which were offered in evidence, merely tended to show that he had traded the note to the defendant. This fact could not be proved by the declarations, and they were properly excluded.

[4.] It may be that facts exist, from which the husband's assent to the legacy may be presumed.; and that his assent would have the same effect as the wife's assent. Yet we cannot hold, that, therefore, the charge of the court is simply error without injury.; for we cannot affirm, from the bill of exceptions, that the circumstances existed which justify the presumption of the husband's assent. The bill of exceptions simply shows, that the evidence tended to show the facts upon which the husband's assent would be presumed.

The judgment is reversed, and the cause remanded.