# Parker & Wife v. Dillard & Jones.

*Action against Husband and Wife for Goods sold and delivered.*

*Liability of husband, and of wife's statutory separate estate, for goods bought by wife.* — Where goods are purchased by the wife, consisting partly of necessary household supplies and partly of articles intended for resale by her, neither her husband, nor her statutory separate estate, is liable for the latter articles; but this does not discharge or affect the liability which the statute imposes on them for the necessaries. Rev. Code, § 2376.

.APPEAL from the City Court of Montgomery.
Tried before the Hon. JNO. D. CUNNINGHAM.

This action was brought by the appellees, against James Parker and his wife, Mrs. T. R. Parker, and was founded on an account for goods sold and delivered by the plaintiffs to the defendants during the year 1870, amounting to $257.84. The complaint averred, that the goods " were articles for the comfort and support of the defendants' household, suitable to the condition and degree in life of their family, and for which the husband would be responsible at common law ; " and it specifically described certain real estate, consisting of two city lots in Montgomery, which were alleged to belong to Mrs. Parker's statutory separate estate, and against which a judgment of condemnation and sale was sought, as well as a personal judgment against the husband. " On the trial," as the bill of exceptions states, " the proof showed that the account sued on was for family groceries, purchased from the plaintiffs by Mrs. Parker at different times, which were articles of comfort and support of the household, suitable to the degree and condition in life of the defendants' family, and for which the husband would be responsible at common law ; also, that the charges for said articles were reasonable and fair, and the account unpaid ; that said defendants were husband and wife at the time of said pur-

[Parker *v.* Dillard.]

chases, and that the property described in the complaint was the statutory separate estate of Mrs. Parker. There was proof, also, that said goods were bought by Mrs. Parker partly for the purposes of trade, she being at the time engaged as a merchant in the city of Montgomery, and were placed in a store-room in the house in which she and her husband lived; that said house was used by them partly as a dwelling-house, and partly as a store in which she carried on the business of merchandise; that said goods, when bought, were placed in said store-room, and some of them were sold by her, and the balance was consumed by the family; but it was not shown how much was sold, nor how much was consumed by the family. The proof tended to show that said goods were bought by her for the purposes of trade, but that she intended to use of them, as she subsequently did, whatever was necessary for the support of her family; and it was shown that the plaintiffs had no notice or knowledge of her intention to use them for any other purpose than family consumption. The defendants asked the court to charge the jury, in writing, that if they believed, from the evidence, that the defendant T. R. Parker was a married woman, and bought from the plaintiffs goods for the purpose of carrying on the business of merchandise, then they must find for the defendants. This charge the court refused to give, and the defendants excepted to its refusal." The refusal of the charge asked is the only matter now assigned as error.

HERBERT & MURPHEY, for appellants.

ARRINGTON & GRAHAM, *contra.*

BRICKELL, J. — The most favorable aspect for the appellants, in which the evidence tended to present the case, is, that the account sued on was contracted partly for necessaries, and partly for goods purchased to be resold by the wife as a trader. For goods purchased by the wife, not for supplying the necessities of her family, but for resale, her separate estate is not chargeable; nor was the husband liable *in invitum,* at common law, for goods so purchased by her. But when a debt is contracted partly for necessaries, and partly in the purchase of goods for resale, neither the liability of the husband, nor the statutory liability of the wife's separate estate for the necessaries, is discharged, because there is not a liability for the goods purchased for resale. The proposition asserted in the charge asked, when applied to the evidence, is, that the absence of a liability for the goods purchased for resale discharged the liability for necessaries. The charge did not assert a correct proposition, and was properly refused.

The judgment of the city court is affirmed.