# Wright & Wife *v.* Merriwether's Administrator.

*Action against Husband and Wife, for Necessary Family Supplies.*

1. *Liability of wife's statutory separate estate for house rent.* — The wife's statutory
separate estate is liable for house rent (Rev. Code, § 2376), if it was necessary for
the family, and suitable to their degree and condition in life. But these condi-
tions must concur, and must be found by the jury from the facts proved. A
charge which assumes that there can be no necessity to rent when the wife owns a
suitable house of her own, and a charge which, ignoring her ownership of another
house, makes the liability of her estate depend on the suitableness of the rented
house, are equally erroneous; but, in determining the question of necessity, the
fact that the husband owns a dwelling-house in another State is not a proper sub-
ject of consideration by the jury.

[Wright v. Merriwether's Administrator.]

2. *Tax-assessor's books; admissibility as evidence to prove ownership of property.* — Returns of property made to a tax-assessor, as to the ownership of property, are admissions against the party making them; but, as to any other person, they are mere hearsay.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. LUTHER R. SMITH.

This action was brought by Robert Crawford, as the administrator of Willis Merriwether, deceased, against John V. Wright and his wife, Georgia H. Wright; and was founded on a promissory note for six hundred dollars, signed by both of the defendants, and given for the rent of a house and lot in the town of Eutaw during the year 1866, and also on the original consideration for which the note was given. The complaint alleged, that the defendants were husband and wife at the time the debt was contracted; that the renting of the house was necessary for the family, and suitable to their degree and condition in life; and that Mrs. Wright, both at the time the debt was contracted, and at the time when the suit was brought, was possessed in her own right of certain real estate, which was particularly described. There was a demurrer to the complaint, which was overruled; and the defendants then pleaded the general issue, and a special plea denying the plaintiff's ownership of the note; and issue was joined on both of these pleas, and a trial by jury had, which resulted in a verdict for plaintiff, for $882. The material facts of the case, and the main charge of the court in reference to them, are stated substantially in the opinion of the court. The charges given by the court, the refusal of several charges asked by the defendants, the overruling of the demurrer to the complaint, and several rulings on questions of evidence, are now assigned as error.

COLEMAN & MORGAN, for appellants.

CRAWFORD & MOBLEY, *contra.*

B. F. SAFFOLD, J. — The appellee, as the administrator of Willis Merriwether, recovered a judgment subjecting the separate estate of the appellant, Mrs. Wright, to the payment of a note executed by her husband, the appellant, John V. Wright, and herself, given for the rent of a dwelling-house. There is no doubt that the consideration of the note is the subject of the liability of the wife's separate estate, if the essential circumstances were present in the transaction. The proof showed that the husband had in Tennessee an estate, including a dwelling-house, worth twenty thousand dollars, but that he was in debt twenty-five thousand dollars. The wife had a

[Wright *v.* Merriwether's Administrator.]

separate estate worth, perhaps, about twenty thousand dollars. It consisted principally of lands, on a portion of which was a small log-house, with some out-houses adjoining or near to it. The family lived in this house a year or more, after their occupancy of the rented house, and then removed to Tennessee; but they made some additions to the log-house, to render it more comfortable. The rent agreed to be paid was $600, for one year. The court charged the jury, so far as it is necessary to review it, that the wife's separate estate was liable, if the house " was suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law; " and refused to charge, that it was not liable, if " John V. Wright had a residence in Tennessee, and Georgia H. Wright had a residence on her `plantation near Eutaw in Greene county, either of which was suitable to the degree and condition of the family."

The charge of the court is subject to the objection, that it excluded from the jury any consideration of the possession by this family of another house, sufficiently suitable to their degree and condition in life. Not even a supplying to the family of the most indispensable articles would be a charge against the husband *in invitum*, if there was no necessity for it. A supposition of necessity on the part of the vendor would not alter the case, unless he was cognizant of some circumstances which justified his belief, and, indeed, almost proved the necessity. The charge refused is objectionable, because it makes the suitableness of the house to the degree and condition of the family the test of the necessity for another house, without reference to any of the circumstances which might render it a duty for the family to remove from it.

We do not think the house in Tennessee need be taken into consideration at all. It is beyond the jurisdiction of our courts and laws, and we cannot adapt our legislation and judicial action to those of another State.

2. Returns of property made to the tax-assessor are but admissions of the facts contained therein, by the persons making the returns. There is no presumption that the person alleged in them to be the owner of the property described is really so. Taxes are so universally regarded as charges rather against the property than its owner, that particularity in ascribing ownership cannot be said to be observed. Except as admissions, such returns are no more than hearsay.

The demurrers were properly overruled. It seems unnecessary to consider this case at greater length. When the subject, for which the liability of the wife's separate estate is claimed, is a proper one, the necessity for the transaction by which it is proposed to bind it must be found by the jury from

[Sims v. Jacobson.]

all the evidence. It is insisted for the defence in this case, that the husband rented the house in town for his own convenience, or necessity, in order to practise law, and that when he found such practice unremunerative, he withdrew to the log-house in the country. On the other hand, there is evidence tending to show that he had to enlarge the house, and otherwise improve it, to make it comfortable. Then again he abandoned it, and returned to Tennessee. The jury only can tell what such evidence proves.

The judgment is reversed, and the cause remanded.