# Reeves *v.* Linam.

*Trover for Conversion of Corpus of Wife's Statutory Estate.*

1. *Charges; when not reviewable.*—When no exception is reserved to the giving of charges, the appellate court cannot consider them.

2. *Wife's statutory estate; how conveyed.*—The title of the wife to personalty, the *corpus* of her statutory estate, will not pass without the joint written conveyance of husband and wife, acknowledged or witnessed as required by statute.

3. *Same; what will not defeat wife's action of trover.*—The husband alone cannot convey such title, nor vest the title so as to defeat the wife in an action of trover, by applying the proceeds of a sale thereof to her use, &c.; nor will her right to such action be defeated, because one to whom her husband mortgaged it did not know of her right to the property.

[Reeves v. Linam.]

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. JOHN K. HENRY.

The appellant, Amanda M. Reeves, brought an action of trover against Wm. H. Linam, appellee, to recover from him a horse belonging to her statutory separate estate, which her husband had conveyed to appellee under a mortgage made by himself *alone*, to secure the payment of a bale of cotton bought from defendant. J. L. Reeves, the husband of appellant, testified that he laid out the proceeds of the sale of the cotton, for such things as he needed in his household; to, which testimony the plaintiff objected, and was overruled. Such ruling, with other rulings of the court not necessary to be noted, is now assigned as error.

BRUTUS HOWARD, for appellant.

S. J. CUMMING, *contra*.

STONE, J.—The bill of exceptions does not show that the charges given were excepted to, and hence we cannot consider them.

The Circuit Court erred in receiving the evidence of the use to which the money derived from the sale of the cotton was applied. The testimony, if believed, tended to show that the horse was of the *corpus* of the statutory separate estate of Mrs. Reeves. If so, he could not be sold, and the title passed, without the joint written conveyance of husband and wife, witnessed or acknowledged as the statute requires. *Williams v. Auerbach, ante,* p. 90. And, as the title of the horse could not be directly conveyed by the deed or mortgage of the husband alone, neither could that result be indirectly reached, by any use to which he might apply the proceeds.

Neither was it a material inquiry, whether or not Linam knew of Mrs. Reeves' right or claim to the horse.

Reversed and remanded.