## Lee *et al. v.* Tannenbaum.

*Action to subject Statutory Estate of Wife for Necessaries.*

1. *Single account; what constitutes.*—Where an indebtedness is contracted with a merchant, most of the articles furnished being purchased by the husband, and the account runs through several years, some of the items being such as the statutory estate of the wife is liable for; others for expenses incurred in cultivating the lands composing the separate estate of the wife; others for the expenses of a partnership plantation carried on by the husband and a third person, and still others for the personal expenses of the husband; and this account is kept as one continuous running account on the books of the merchant, such account constitutes but one debt, for the whole of which the husband is liable; and but one suit can be maintained against him for its recovery.

2. *Statutory separate estate of wife; tenure and incidents of.*—Under our statutes the separate estate of the wife is her property and is not liable for the debts of the husband ; it vests in the husband, with the right to manage and control and receive the rents, incomes and profits without accountability ; but these rents and profits are not liable for his debts. Either husband or wife, by purchasing articles of comfort and support for the family, and for the tuition of the wife's children, suitable to their degree and condition in life, may make the corpus of the wife's estate liable therefor; but beyond this, neither husband or wife can make such estate liable for any debt.

3. *Statutory separate estate of wife ; rents, incomes and profits of; how husband takes.*—The rents and profits of the wife's estate pass to the husband as trustee, and they are thus bestowed in confidence that he will use them for the support of the family; but this is only a moral duty, to the performance of which he cannot be compelled by any legal remedies, though he might be removed from the trust for a clear violation of this duty, in which event the wife would, as to such estate, be reinvested with all the rights of a *femme sole.*

4. *Same; what proper application of.*—The payment by the husband out of the rents, incomes and profits of the wife's estate, derived from the cultivation of her plantation, of a debt for supplies, which were necessary and which had been used in the production of a crop, is not a breach of the duty resting on him to apply the proceeds of her estate to the support of the family.

5. *Statutory estate of wife ; for what liable.*—Where the husband has an account with a merchant, running through several years, some of the items of which

[Lee et al, v. Tannenbaum.]

render the estate of the wife liable for their payment, and others impose no liability on her estate, and the husband each year makes payments with the rents of her estate, directing the payments of each year to be applied to the account of the year in which they are made,—such payment extinguishes so much of the debt as was first incurred, without regard to the class of articles of which it was composed. If, of the balance remaining after such payments, any part is composed of articles for the support and maintenance of the family, the corpus of the wife's estate is liable for the amount of such necessaries, and may be sold to enforce payment.

APPEAL from Sumter Circuit Court.

Tried before Hon. LUTHER R. SMITH.

The appellee, A. Tannenbaum, brought this action against the appellants, I. James Lee and Susan L. Lee, and sought to subject certain lands, the statutory separate estate of Mrs. Lee, to the payment of an account due to him. On the trial of the cause there was evidence tending to show the correctness of the account sued on, and that Mrs. Lee had owned the property sought to be condemned from the date of the commencement of the account continuously to the time of the trial. It was shown that I. James Lee and his family lived in good style and enjoyed the comforts of a pleasant home, residing on the lands sought to be subjected.

During the time of the running of these accounts various payments had been made ; all of which, as the proof showed, were made with cotton or the proceeds of cotton, the rents, incomes and profits of the lands, constituting the statutory separate estate of Mrs. Lee.

The articles furnished, most of which were bought by I. James Lee, and which the evidence tends to show were primarily charged to him, were shown to be partly for the use of Lee and wife for family purposes, partly for crop expenses in growing crops on the lands of Mrs. Lee, partly for expenses in raising a crop on lands which Lee cultivated in partnership with another person, and partly for the individual expenses of said I. James Lee. There was conflicting evidence as to whether the defendant, I. James Lee, in forwarding the cotton, directed how the application of the payment should be made, and there was conflicting evidence as to the manner in which the payments were applied by the appellee. There was proof tending to show that if the application of the payments in cotton and other income from the separate estate of Mrs. Lee, had been made to those matters of indebtedness which were for family supplies, for which her separate statutory estate would have been liable, such indebtedness would have been entirely discharged. There was also proof that the payments of each year were ordered to be applied to the account of that year. It was also shown that the payments were entered as credits on the

running account, as the same accrued in point of time. It was proved that there was a suit brought by B. M. Emanuel, in his own name, in the year 1876, against Lee and wife for store account, from the 1st of February, 1875, and recovery had by him thereon, which was paid; that the items of account sued on were entered on the same account book continually, without any change, saving the drawing of a line between the last article in January and the succeeding one in February. There was also proof tending to show that on the 1st of February, the plaintiff turned over the business and stock in trade to said Emanuel, who had previously acted as his agent, and that the account sued on in the present action was for articles furnished continuously up to a very few days before the first entry after the 1st of February, 1875.

I. James Lee testified that in the year 1873 the said Emanuel, agent of said Tannenbaum, made a statement of accounts in writing to him, showing a different account from the one sued on, the application of credits being made generally and not as the account now exhibited, being divided between an account for family supplies and an account for plantation expenses, with credits applied first to the latter. The rent notes of tenants for the year 1874, for the separate estate lands, had been assigned by endorsement to plaintiff, both Lee and wife joining in the endorsement, and Emanuel, as agent for plaintiff, had collected part of these notes, but the evidence was conflicting as to whether these notes were transferred as a basis for future credit, or as a payment *pro tanto* of previous indebtedness. The account sued on is charged to "Col. I. James Lee, and wife, Susan L. Lee," and the first charge thereon is of date February 1, 1870, and the last on the 24th of December, 1874; yearly credits for each being given separately, and a balance struck. The account presented to I. James Lee in 1873 was charged to Col. I. James Lee, and was for the same articles as the account sued on.

Upon this evidence the court charged the jury, among other things, "that the debtor had the right to determine to which debt the credit should be applied. The debtor failing to direct, the creditor may apply it; if he fails to apply it the law will apply the credits to the oldest debts; therefore if the jury believe from the evidence that the defendants failed to direct the application of the credits, then the plaintiff had the right to appropriate the same to either of the accounts that he desired to apply it, and if he did so, he did that which the law permitted him to do. Nor does it make any difference that the credit applied was the income of the

[Lee et al. v. Tannenbaum.]

wife's separate estate, because he is entitled in his own right to the rents and profits arising from her separate statutory estate." To the giving of that part of the charge which asserts the husband is entitled in his own right to the rents, incomes and profits arising from his wife's separate estate, and had the right of applying them as he thought proper, the defendants excepted.

The defendants then asked the court to give each of the following written charges to the jury: 1. "If the jury find that the transactions between Tannenbaum and I. James Lee were kept in one account, without any change in the books or otherwise, of which Lee and wife had notice, and that a part of the account had been sued on, a judgment rendered and that judgment satisfied, then the plaintiff can not recover as to the balance. 2. If the jury find that notice was delivered, and cash paid to the plaintiff, or to his order, as a credit on a running account, notwithstanding some items were for "family supplies" and some for articles for which the separate estate is not liable, and that the produce and cash so delivered and paid as credits were part of the separate estate of Mrs. Lee, or proceeds thereof, and that the plaintiff knew this ; then the law will not apply these credits, first to the satisfaction of the account for which Mrs. Lee's separate estate is liable, (on which there was a lien), then they must first credit these accounts on the claim against the separate estate, and if these credits equaled the amounts of the accounts for family supplies, they must find for the defendant, Mrs. Lee. 3. The rule as to the application of credits is, that the debtor may direct their application ; if he does not do so the law applies such payments to the oldest claim ; if, therefore, the jury find that the credits made were ordered to be applied to each year's purchases respectively, then they must so apply these credits, and if they find that these credits cover the articles due for comfort and support of the household, each year respectively, then they must find for the defendant, Mrs. Lee. 3. If the jury find that the plaintiff entered the credits, received from the defendant Lee in the running account, in point of time, then they are to be applied to the account due before the date of the credits, and they must so apply them, irrespective as to whether the antecedent accounts were for family supplies or other. 5. In the absence of an express agreement to the contrary, when property is subject to a mortgage or other lien, and such property is delivered to the mortgagee or to the person holding such lien, the law applies such property to the satisfaction of the debt so subject to the lien. If, therefore, the jury find that the income of Mrs. Lee's sepa-

rate estate was paid to an extent sufficient to cover the amount of the account for articles of comfort and support, then they must find for the defendant. 6. If the jury find from the evidence that the plaintiff in this case, in the year 1873, made a statement in writing of account to the defendant, I. James Lee, showing an application of credits by the plaintiff, the plaintiff cannot, by a readjustment of accounts, defeat the application of the payment to the items of the account, as shown by said statement, without the consent of the defendant. 7. The husband holds the rents, incomes and profits of the estate of the wife in subordination to the great purpose of providing a maintenance for the family. If the jury find from the evidence that the plaintiff in this case has received from the husband, during the years for which the account sued on was contracted, from the proceeds of the crop raised, a sum greater in amount than the supplies furnished for the support of the family, they cannot condemn any part of the wife's property in these proceedings. 8. It was the duty of the plaintiff to have applied the property of the wife to the wife's liability, and not to the individual liability of the husband, and if the jury believe from the evidence that the property of Mrs. Lee was sufficient to pay any liability on her estate, they cannot subject it, her separate estate, and they must find it not liable." The court refused to give each of the charges, and the defendants separately excepted to the refusal of each. There was a jury and verdict for the plaintiff, and his damages, as against I. James Lee, were assessed at fifteen hundred dollars, and the separate estate of Mrs. Lee found liable for seven hundred dollars of that amount. The defendants appeal from this judgment, assigning as error the charge given and the refusals to charge as requested.

THOMAS COBBS, and SNEDECOR & COCKRELL, for appellant. If it be true, as settled by the decisions of this court, that the husband holds the income of the statutory separate estate of his wife in subordination to the great purposes of maintaining the family, then in paying an account against himself, or against himself and wife—consisting of items creating a charge on the corpus of that estate, and items of individual charge against the husband—neither the husband alone, nor the husband and creditor consenting thereto, can make such an application of the income as, in effect, pays those items for which the husband alone is responsible, and leaves unpaid those items which create a charge on the corpus of his wife's statutory separate estate. The husband does not hold *in his own right* the income of the wife's statu-

[Lee et al. v. Tannenbaum.]

tory separate estate. In the language of this court in
*Eskridge v. Ditmars*, 51 Ala. 254, the income is not a gift to
the husband; he takes it as trustee, as the head of the fam-
ily, to be applied to the comfortable support of the family.
The purpose of the statute was to preserve the corpus of the
wife's separate estate from the dominion of the husband, as
a means of support to the wife and children. The charge of
the court was in direct conflict with these views. It is cer-
tain that the source or fund from which a judgment is de-
rived, will direct its appropriation.—*Webster v. Singley*, 53
Ala. 210.

THOMAS B. WETMORE, and JAMES COBBS, for appellees.—The
theory that the appellants insist upon, in regard to the hus-
band's right to the income of the wife's statutory separate
estate, would set at naught the statute, which gives immuni-
ty to the husband for his use of the income, and if estab-
lished as a principle, would enable the wife to sue and
recover back any income of her estate, paid out by her hus-
band for any but her separate debt. The income of the wife's
separate estate belongs to the husband, and to the husband
alone; he has the right to dispose of it as he sees fit. If he
pays his individual debt with it, no one has the right to com-
plain. The wife cannot, for the statute has expressly ex-
empted him from liability to account to her. And she can-
not complain, if he, in defiance of his duty of supporting the
family, uses the money to pay his individual debt. The
statute provides an ample remedy for her, if the husband
abuses his trust, by a bill for his removal from his trust.
She cannot impeach his disposition of the income.

STONE, J.—The present record raises some new ques-
tions respecting the liability of the wife's statutory separate
estate for articles of comfort and support of the household.
Mrs. Lee was the owner of real estate, made her separate
property by statute. An account for merchandise was con-
tracted with the appellee—the purchases being made mostly
by Mr. Lee, the husband—running through several years,
and swelling in the aggregate to a considerable sum. Some
of the items composing this account, fall within the classes
which section 2711 of the Code of 1876 declares "the sepa-
rate estate of the wife is liable for." Other items were for
the subsistence and support of the wife's plantation and the
laborers thereon. The application of the income and profits
of this plantation, so supplied and kept up, is the most ma-
terial inquiry in this cause. Still, other items of the account
were for use of Mr. Lee, the husband, and for the support of

another plantation, which the husband was cultivating in partnership with a third person. The account, though embracing these several classes of items, was kept on the books of appellee as one continuous running account, and the tendency of the proof is, that it was primarily charged against I. James Lee, the husband. This, however, is unimportant, as, if it was charged against I. James Lee and Susan L. Lee, his wife, it was and would be still, one continuous account. This account was the debt of I. James Lee—was one single debt, and not two debts. Hence, in suing Lee for its recovery, it could not be split up, and two or more actions maintained upon it.—*South & North Alabama Railroad Co. v. Henlein & Barr*, 56 Ala. 368, and authorities cited. There being in this case only one debt, it follows that all the doctrine about the application of payments or credits had nothing to do with the case, and could have had no other effect than to confuse the minds of the jury, in considering the true questions involved.

The estate of a married woman, made separate by statute, and the husband's rights in and powers over it, are the result of our statutes, and are unlike those of any other State of which we have knowledge. It is her separate estate, not subject to the payment of the debts of the husband. It vests in the husband as her trustee, who has the right to manage and control the same, without liability to account with the wife, her heirs or legal representatives, for its rents, income and profits; but such rents, income and profits are not subject to the debts of the husband. The proceeds of such separate estate may be used by the husband in such manner as is most beneficial for the wife; and he may invest them for her benefit. He or she, by purchasing articles of comfort and support of the household, and for tuition of the children of the wife, suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law, make the corpus of the wife's estate liable therefor; but beyond this, neither husband or wife can make her statutory estate liable for any debt.—Code of 1876, sections 2705, 2706, 2709, 2711. The wife may make a valid will without the concurrence or approbation of her husband.—Section 2713. It will thus be seen that the right and title to property thus situated is secured to the wife, yet without power in her to charge it, save to a limited extent; that the husband has neither right or title to the property, yet, as trustee, may manage and control it, and invest its proceeds, when in money or converted into money; that the rents, income and profits pass to him as trustee, but there is no mode provided for making him account for them;

and yet, they are not liable to his debts. True, the rents, income and profits are committed to him in confidence that he will employ them in support and maintenance of the family; but this is only a moral, or imperfect duty. Its performance cannot be compelled, though, he might be removed from the trust, for a clear disregard of this obligation. The wife would then, as to this property, become reinvested with all the rights of a *femme sole.*—Sections 2717, 2718; *Murphree v. Singleton,* 37 Ala. 412; *Patterson v. Flanagan, ib.* 513; *Dent v. Slough,* 40 Ala. 518; *Smyth v. Oliver,* 31 Ala. 39; *Whitman v. Abernathy,* 33 Ala. 154; *Hayes v. Cockrell,* 41 Ala. 75; *Rogers v. Boyd,* 33 Ala. 175; *Warfield v. Ravisies,* 38 Ala. 518; *Alexander v. Saulsbury,* 37 Ala. 375; *Reel v. Overall,* 39 Ala. 138; *Bibb v. Pope,* 43 Ala. 190; *Parker v. Dillard & Jones,* 50 Ala. 14; *Fry v. Hamner, ib.* 52; *Riley v. Pierce, ib.* 93; *Wright v. Merriwether,* 51 Ala. 183; *Eskridge v. Ditmars, ib.* 245; *Davidson v. Lanier, ib.* 318, *Cowles v. Pollard, ib.* 445; *Northington v. Faber,* 52 Ala. 45; *Marks v. Cowles,* 53 Ala. 499; *Smyley v. Reese, ib.* 89; *Carleton v. Rivers,* 54 Ala. 467; *Bender v. Meyer,* 55 Ala. 576; *Janney v. Buell, ib.* 408; *Wright v. Preston, ib.* 570; *Coleman v. Smith, ib.* 369; *Wright v. Rice,* 56 Ala. 43; *Howard v. Daughtie, ib.* 511; *Schuessler v. Wilson, ib.* 516; *McDonald v. Mobile Life Ins. Co. ib.* 468; *Strong v. Waddell, ib.* 471; *Smith v. Carson, ib.* 456; *Connor v. Williams,* 57 Ala. 131; *Mitchell v. Dillard, ib.* 317; *Bell v. Locke, ib.* 242; *Holliday v. Jones, ib.* 525; *Jones v. Wilson, ib.* 122; *Peeples v. Stolla, ib.* 53; *Williams v. Bass, ib.* 487; *Williams v. Auerbach, ib.* 90; *Milhouse v. Weeden, ib.* 502; *Prout v. Hoge, ib.* 29; *Sterrett v. Coleman, ib.* 172; *Abrahams v. Chapman,* 61 Ala. 108.

We said above that there were not two debts in this case, and there is, therefore, no field of operation for the principles of law which regulate the application of credits, when the parties themselves fail to make the application. We dismiss that subject without further consideration.

It is certainly the moral duty of the husband to preserve and keep the corpus of the wife's statutory estate; and, to this end, he should not squander, or misapply the rents, income and profits, to the neglect of the high duty resting on him to furnish support and maintenance for his family. Should he do so, the Court of Chancery would be authorized to remove him from the trust, on a proper application and proof. But, when the income and profits are derived from a plantation, and supplies had been furnished which were necessary, and contributed to the production of the crop, then payment by the trustee for such supplies, out of the income and profits, would not only not be a breach of his duty

as trustee, but would be a praiseworthy act. Debts ought to be paid, and I confess myself no advocate of a system, legislative or judicial, which enables parties to hold property, and bid defiance to their too confiding creditors. In cases like the present, the law has not, in terms, declared how such payments, as are shown in this record, shall be applied. The bill of exceptions state that Mr. Lee gave direction that each payment should be applied to the account of the year in which it was made. This direction, if given, should have been followed. But, if such payments did not liquidate the entire account of the year, how stands the unpaid balance? Has a particular class of items been paid, and another class been left unpaid? There is nothing in the law, nor in the facts we have supposed, which authorize any such assumption. The only just solution we can give of this question, is to hold that a partial payment extinguishes so much of the debt, or legal liability, as was first incurred in the order of time, without any reference to the class of articles of which it is composed. This would leave the remaining, or last part of the account unpaid; and if any portion, or the whole of such unpaid balance was for articles of comfort and support of the household, under section 2711 of the Code of 1876, then, to that extent and no further, would the separate estate of the wife be liable therefor. This we declare to be the true rule, in cases like the present, of blended account, and partial payment.

Several of the rulings of the Circuit Court are not reconcilable with these views.

The court did not err in refusing to give the charge asked, numbered 1. It did not postulate enough to show the entire account was the property of one and the same person. Everything therein supposed may be true, and yet the entire interest in the merchandise may have changed hands on the first February.

Judgment reversed and cause remanded.