[Linam v. Reeves.]

# Linam *v.* Reeves.

*Trover for Conversion of Corpus of Wife's Statutory Estate.*

1. *Statutory separate estate of wife; how conveyed.*—The title of the wife to personalty, which is the *corpus* of her statutory separate estate, can not be conveyed except by an instrument in writing, executed jointly by husband and wife, and attested or acknowledged as the statute prescribes.

2. *Same; can not be mortgaged.*—The husband and wife, even when acting jointly, can not, by mortgage, pass the title to personalty which is the *corpus* of the wife's statutory separate estate, much less can the husband convey title to such property by mortgage executed by him alone.

3. *Same; title to not impaired although proceeds derived from mortgage are used to buy necessaries for household.*—When the husband alone executes a mortgage on personalty, which is the *corpus* of the wife's statutory separate estate, she may maintain trover against the mortgagee, nor is her title impaired, or the wrong of the conversion mitigated by the fact that the mortgage debt was created for supplies or necessaries for the household.

4. *Trover; measure of damages in.*—When the plaintiff has lost his property wholly, and its value is not fluctuating, the measure of damages in trover, is the value of the property at the time of the conversion, with interest to the time of the trial and verdict; but when the value is fluctuating the jury may take the highest value at any time between the conversion and the trial.

APPEAL from Wilcox Circuit Court.

Tried before Hon. JOHN K. HENRY.

This was an action of trover brought by Amanda M. Reeves, the appellee, against W. H. Linam, the appellant, to recover a horse which was the *corpus* of her statutory separate estate, and which her husband had mortgaged to appellant to secure the payment of a bale of cotton. The testimony of the plaintiff and her husband was taken on interrogatories, and the defendant, in cross examining them, asked various questions, such as, "What was done with the money arising from the sale of the bale of cotton ?" "Was it not used in purchasing articles of household supply ?" "If you sold the cotton for money, state what you bought with the money?" The plaintiffs objected to these interrogatories as illegal and irrelevant, the court sustained the objection, and defendant excepted. The witness answered that he used the money in buying such articles as he needed. The horse was sold under the mortgage, and the mortgagee became the purchaser. The value of the horse at the time of the con-

version was proved. On all the evidence adduced, which the
bill of exceptions sets out in full, the court charged the jury
that they believed from the evieence that the plaintiff
became the owner of the horse as testified to by her wit-
nesses, and that the defendant sold said horse under said
mortgage, made to him by plaintiff's husband, and claimed
such horse by virtue of said mortgage, that the defendant
would be guilty of a conversion of the ·horse, and that the
measure of damages should be the value of the horse at the
time of the conversion, with interest from the time of the
conversion· to the time of the trial." The defendant ex-
cepted to that part of this charge defining the measure of
damages to be the " value of the property at the time of the
conversion, and interest thereon." The defendant asked the
court to charge the jury, " that the plaintiff was entitled to
recover a full indemnity for the injury sustained by the
wrongful conversion of the defendant, and if the jury should
believe that there were mitigating circumstances in the case
in regard to the amount of damages, then these circumstances
should be taken into consideration by them in assessing the
damages." This charge the court refused to give, and de-
fendant excepted. The rulings of the court on the evidence,
and the charges given and refused, are assigned as error.

S. J. CUMMING, for appellant.—A contract for necessaries
made by the husband is, *prima facie*, a charge on the wife's
statutory separate estate.—*Mitchell v. Dreland*, 57 Ala. 317.
The defendant should, therefore, have been permitted to
show that the money received under the mortgage was used
to buy articles for which the wife's estate would be liable.
The evidence excluded was, also, admissible to show that
the "property had been applied to the use of the plaintiff,"
and thus to show that the injury and the consequent dam-
ages had been diminished thereby.—2 Gr. Ev. § 276 ; *East v.
Pace*, 57 Ala. 521 ; *Folmar v. Copeland, Ib.* 588 ; 27 Ala. 486.
The part of the charge excepted to as fixing the measure
of damages was erroneous in confining the jury to the value
of the property at the time of the conversion.—*Prescott v.
Jordan*, 57 Ala. 272.

BRUTUS HOWARD, for appellee.—The action of the court in
sustaining the objections to the defendant's own interroga-
tories was decided adversely to appellant when this case was
formerly before the court.—*Reeves v. Linam*, 57 Ala. 564.
This case falls within the general rule laid down in 57 Ala.
272 ; 48 Ala. 638, that the value of the property at the time
of the conversion, and interest thereon, is the measure of

[Linam v. Reeves.]

damages, since there are no *special* circumstances shown to take it out of the operation of that principle. Nor was it error to refuse the charge asked by the defendant, for it devolved upon the jury the decision of the *law* of the case ; it was abstract, for there was no evidence of mitigating facts.

BRICKELL, C. J.—This case was. before this court at a former term, and is reported.—*Reeves v. Linam*, 57 Ala. 564. All the questions now presented, with the exception of the, instructions given or refused, in reference to the measure of damages, were determined adversely to the appellant. If, as does not now seem to be disputed, the horse was of the *corpus* of the statutory separate estate of the. appellee, it is too plain for discussion that the husband was without power to pass any title to it by mortgage.—*Patterson v. Flanagan*, 37 Ala. 513. Nor could title be conveyed otherwise than by an instrument in writing, executed jointly by husband and wife, and attested or acknowledged as the statute prescribes. *Murphree v. Singleton*, 37 Ala. 412 ; *Whitman v. Abernathy*, 33 Ala. 154. Nor have husband and wife the power, even when acting jointly, to pass title by mortgage ; their power is to sell, and does not include the power to mortgage. *Peeples v. Stalla*, 57 Ala. 53. As was said, when the case was here formerly, it follows, that " as the horse could not be directly conveyed by the deed or mortgage of the husband alone, neither could that result be indirectly reached, by any use to which he might apply the proceeds." There was no error in the refusal of the instruction requested, or in sustaining the objections to the evidence offered by the appellant tending to show that the mortgage debt was created for supplies or necessaries for the household of husband and wife ; or that the proceeds of the sale of the cotton were applied in the support of. the family. If that be true, thereby the title of the wife to the horse is not impaired, nor is the wrong of the conversion mitigated.

2. The measure of damages in the action of trover, when the plaintiff has lost his property wholly by the conversion, is, if the value of the property is not fluctuating, the value at the time of the conversion with interest to the time of trial and verdict. If the value is fluctuating, the jury may take the highest value at any time between the conversion and the trial.— *Tatum v. Manning*, 9 Ala. 682 ; *Lee v. Matthews*, 10 Ala. 682 ; *Ewing v. Blount*, 20 Ala. 694 ; *Jenkins v. McConico*, 26 Ala. 213. In view of the facts of the case, the Circuit Court properly instructed the jury, the measure of recovery was the value of the horse at the time of the conversion, with interest to the day of trial. Affirmed.