(81 South. 182)

### MILLER v. MILLSTEAD & HILL.
### (1 Div. 278.)

(Court of Appeals of Alabama. Jan. 14, 1919. Rehearing Denied Feb. 4, 1919.)

1. TROVER AND CONVERSION ⊕⟞38—ADMISSIBILITY OF EVIDENCE.

In action for conversion, any fact or circumstance tending reasonably to show that defendant exercised illegal acts of dominion over the property either directly or through the agency of another is admissible.

2. EVIDENCE ⊕⟞474(1) — IDENTITY OF PROPERTY.

A witness who has knowledge of the fact may testify to the identity of property.

3. TRIAL ⊕⟞192—INSTRUCTIONS—ASSUMPTION OF FACTS.

In the general charge to the jury, court may assume as true a fact admitted to be true by the parties to the suit.

4. TROVER AND CONVERSION ⊕⟞46—DAMAGES—TIME.

In action for conversion where plaintiff has lost his property wholly by the conversion, and the value of the property is not fluctuating, the measure of damages is the value at the time of the conversion with interest to the time of the trial and verdict.

5. TROVER AND CONVERSION ⊕⟞49—DAMAGES—FLUCTUATING VALUE.

In action for conversion where plaintiff has wholly lost property by the conversion, the measure of damages, if the value is fluctuating, is the highest value at any time between the conversion and the trial.

Appeal from Circuit Court, Clarke County; Ben D. Turner, Judge.

Action by Millstead & Hill against J. L. Miller. From judgment for plaintiff, defendant appeals. Affirmed.

Q. W. Tucker, of Grove Hill, for appellant. T. J. Bedsole and F. E. Poole, both of Grove Hill, for appellee.

BRICKEN, J. Plaintiff sued defendant in an action of conversion to recover the value of 320 pine logs. There was a verdict and judgment for plaintiff, and from this judgment the defendant has appealed to this court.

The assignments of error relate to the rulings of the trial court upon the evidence, to certain statements made in the general oral charge of the court, and to the refusal of the general affirmative charge requested by the defendant.

[1-5] There was evidence tending to show a conversion by the defendant of the property of the plaintiff, and the court was justified in submitting the issue to the determination of the jury. Any fact or circumstance that tended reasonably to show that the defendant exercised illegal acts of dominion over the property of plaintiff, either directly or through the agency of another, was properly admitted in evidence. A witness who has knowledge of the fact may testify to the identity of property. In the general charge to the jury, the court may always assume as true a fact admitted to be true by the parties to the suit. The measure of damages in an action of this sort, when the plaintiff has lost his property wholly by the conversion, if the value of the property is not fluctuating, is the value at the time of the conversion with interest to the time of the trial and verdict. If the value is fluctuating, the jury may take the highest value at any time between the conversion and the trial. Tidwell v. State, 70 Ala. 33; Davis & Son v. Hart, 114 Ala. 146, 21 South. 468; Linam v. Reeves, 68 Ala. 89.

In admitting and excluding evidence, in refusing the general affirmative charge requested in writing by the defendant, and in its oral charge to the jury, the court adhered strictly to the principles of law applicable to the trial in cases of trover.

There is no error in the record, and the judgment of the lower court must be affirmed.

Affirmed.

---

(81 South. 182)

### WEST v. CITY OF MONTGOMERY.
### (3 Div. 343.)

(Court of Appeals of Alabama. Feb. 4, 1919.)

MUNICIPAL CORPORATIONS ⊕⟞639(2)—VIOLATION OF MUNICIPAL ORDINANCE—PLEADING.

Complaint for violation of city ordinance must specially plead the ordinance.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Lela West was convicted of violation of an ordinance of the City of Montgomery, and appeals. Reversed and remanded.

Brassell & Brassell, of Montgomery, for appellant.
L. A. Sanderson, of Montgomery, for appellee.

SAMFORD, J. In the absence of a statute requiring courts to take cognizance of municipal ordinances, such ordinances to be available must be specially pleaded. In this case it was not done. The defect was raised by demurrer. The demurrer should have been sustained. Benjamin v. City of Montgomery, 16 Ala. App. 389, 78 South. 167.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.