# Sims *v.* Sampey.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Vendor's lien on land sold under probate decree; when extinguished.*—When lands are sold by an administrator, under a decree of the Probate Court, and the sale is reported to the court, and confirmed, and a conveyance executed under its decree to the purchaser; the vendor's lien on the land is extinguished, and can not be afterwards revived in favor of the heirs, by any subsequent transaction between the parties, while the decree remains of force.

2. *Same; transfer of partial interest in purchaser's note.*—A note taken for the purchase-money of land, sold by an administrator under a probate decree, is an entirety, and a decree in equity enforcing it as a charge on the land is an extinguishment of the vendor's lien; and although the administrator may have transferred a partial interest in the note to one of the distributees, the distributee can not again assert a vendor's lien against the land, whatever may be his rights against the administrator.

APPEAL from the Chancery Court of Conecuh.
Heard before the Hon. H. AUSTILL.

[Sims v. Sampey.]

The bill in this case was filed on the 18th July, 1879, by Mrs. Hattie L. Sampey, the wife of George G. Sampey, against Thomas W. Sims, J. W. Sampey, and said George G. Sampey. The following are its material allegations: That on the 27th November, 1871, Mrs. M. D. Burnett, who was the complainant's mother, and acting as the administratrix of the estate of John H. Burnett, deceased, who was the complainant's father, sold a tract of land in said county of Conecuh, under an order of the Probate Court; at which sale, said George G. Sampey and J. W. Sampey became the purchasers, and were so reported to the court: That said Geo. G. and J. W. Sampey "took with them in said purchase one F. M. Sampey, and the three together executed their promissory note to said M. D. Burnett, administratrix as aforesaid, for $2,760, amount of said original bid; which said note was made payable on the 27th day of November, 1872, but was not paid at maturity, as complainant avers was understood and agreed between said Sampeys and said administratrix:" That the sale was reported to the court, and was confirmed by it: That on or about the 7th January, 1873, "a payment of $500 was made on said land to said administratrix, and said F. M. Sampey was released from said note; and said G. G. Sampey and J. W. Sampey became the owners of said lands, under and by virtue of a deed made by said administratrix, on or about the 7th January, 1873, in pursuance of an order of said Probate Court of Conecuh county:" That complainant "was one of the heirs of the estate of said John H. Burnett, deceased; and on the settlement of said estate, she received from the said administratrix a claim for $394.28 against said G. G. and J. W. Sampey, as part of her distributive share of said estate, on or about the 7th January, 1873;" and "she avers that said claim was due by said G. G. and J. W. Sampey for the purchase-money of said lands, and the same is now her sole property, and has never been paid:" That said G. G. and J. W. Sampey "were notified that complainant held said claim against them, and they have failed to pay the same, though often requested to do so, and refused to give her even their promissory note for the amount of said claim:" That "no other or further security was given for complainant's interest in said land, than said claim of $394.28, but she relied solely on her vendor's lien for the ultimate payment of said claim, and looked to said lands alone for her security; and complainant avers that, at the time she received said claim from said administratrix, and ever since, it has been agreed and understood between her and said G. G. and J. W. Sampey that she was to have and retain a vendor's lien on said land, to secure the

[Sims v. Sampey.]

payment of $394.28, with the interest on the same from about the 7th day of January, 1873 :" That Mrs. Burnett, "while acting as administrator of said estate, under an order of the Probate Court of said county, made and executed a deed of conveyance for said lands, pursuant to law, to said G. G. and J. W. Sampey, and placed them in possession thereof ; and since the making of said deed, on the 7th January, 1873, they have enjoyed the rents, income, and profits of said lands, until on or about the 6th day of January, 1879, when said lands were sold by George Christian, register in chancery, to satisfy a decree rendered by this honorable Chancery Court, in favor of Mrs. Margaret D. Burnett, guardian of Rachel Burnett, one of the heirs of said John H. Burnett, deceased, against said G. G. and J. W. Sampey, to satisfy a note given to said Mrs. M. D. Burnett, as guardian of Rachel Burnett, for her part of the purchase-money due for said lands ; at which sale, Thomas W. Sims became the purchaser, at the price of $611.82, which was the exact amount of the said decree, with the costs ;" and the register executed to him a conveyance, and he was placed in possession of the lands, and was in possession when the bill was filed ; and that complainant, through her attorneys, gave public notice at said sale of her claim on the land for the unpaid purchase-money due to her.

The prayer of the bill was—1st, that complainant "be allowed to pay back to said Thos. W. Sims the said sum ($611.82) paid by him to satisfy said decree, and to take the title he now holds to said lands," she offering to do equity in the matter as the court might decree ; 2d, that an account be taken to ascertain the amount due on the complainant's claim, and said G. G. and J. W. Sampey be decreed to pay it within a specified time ; 3d, that, in default of payment by them, a vendor's lien on the lands be declared in her favor, and the lands be sold to pay the amount ascertained to be due on her claim ; 4th, for other and further relief, according to the nature of her case.

A demurrer to the bill was filed by Sims, assigning the following (with other) causes of demurrer : 1st, that the bill shows no right in the complainant to assert a vendor's lien in the lands ; 2d, that no legal assignment to her of a vendor's lien is shown ; 3d, that the vendor's lien is an entirety, and can not be split up into several causes of action ; 4th, that the former decree, under which Sims purchased, exhausted the vendor's lien, and the land can not again be subjected to it ; 5th, that the vendor's lien was released and extinguished by the discharge of F. M. Sampey. A joint demurrer was also filed by G. G. and J. W. Sampey, assigning

various other causes of demurrer. The chancellor overruled the demurrers, and his decree to that effect is now assigned as error.

G. R. FARNHAM, and STEWART & PILLANS, for appellant.

STALLWORTH & BURNETT, *contra*.

BRICKELL, C. J.—It is rather difficult to ascertain from the allegations of the bill upon what precise ground it is intended to rest the right of the complainant to equitable relief. Any lien on the lands is excluded, because it appears affirmatively that the purchase-money had been fully paid to the administratrix, and a conveyance to the purchasers executed in pursuance of a decree of the Court of Probate, which is not impeached (if in this proceeding, or collaterally, it can be impeached), before the complainant acquired the claim against the purchasers which is now preferred. We say the fact of payment of the purchase-money affirmatively appears, because it is expressly stated that the conveyance was executed by the administratrix under the decree of the Court of Probate ; a decree which could not have been rendered, unless the purchase-money had been fully paid. The purchase-money being paid, the equitable lien of the vendor was extinguished ; and it was incapable of being revived, whatever other equity could be created, by any subsequent transaction between the parties.

2. But, if the purchase-money was not paid, and there was a transfer to the complainant of a part of the note given for it, the transfer could not operate so as to confer on her a legal right of action, or any other than an equitable interest to such part of the note when reduced to money. The administratrix, to the extent of the transfer, held the note in trust for the complainant. Standing in the relation of *cestui que trust* to the administratrix, it follows that the complainant is bound by the decree which was obtained by the administratrix, charging the lands with the payment of the part of the purchase-money claimed in the suit she commenced and prosecuted to final decree, subsequent to the transfer to the complainant. The sale of the lands under that decree exonerated them entirely from the lien for the payment of the purchase-money to the administratrix. It may be, that the complainant can recover from the administratrix her proportion of the proceeds of sale, but she is without right to charge the lands a second time with a vendor's lien, in itself an entirety, and incapable of being split up and divided so as to multiply suits and embarrass judicial sales.

[Ex parte Gilmer.]

The decree of the chancellor must be reversed, and the cause remanded, that the demurrer may be sustained, and leave given the complainant to amend, if a proper application for that purpose is made.