# McCarty *v.* Williams.

*Bill in Equity to enforce Vendor's Lien.*

1. *Vendor's lien; when not retained.*—At a sale made by an executor of the lands belonging to his testator's estate, for division, under a private act of the legislature, five of the legatees under the testator's will became jointly the purchasers of a part of the lands, at a price agreed on, payable part in cash, and balance in one and two years. They arranged the cash payment by giving the executor their several receipts in part payment of their respective legacies, and for the deferred payments they executed joint notes. Under the act the sale was reported to, and confirmed by the Chancery Court of Montgomery county. After the maturity of the notes, the purchasers having failed to pay the same, a compromise was made between the executor and all the legatees, by which their several shares under the will were fixed at $3,000.00, and the purchasers receipted the executor in full for their several shares, and in addition thereto, agreed to pay him, each the sum of $500.00 in settlement of their notes. Each of the purchasers paid the executor $500.00 as agreed on, except one, a married woman; and the executor, relying on the promise of her husband, that the $500.00 to be paid by her, would be shortly paid, reported to the court that all the purchase-money for the

lands had been paid; and the court thereupon ordered him to execute a deed, conveying to the purchasers the lands purchased by them, which he did. Afterwards the five purchasers divided the lands purchased by them among themselves, each being allotted a part thereof. The $500.00 not having been paid, and the executor having, on a settlement with the estate accounted for that sum, as assets thereof collected by him, filed a bill in his individual capacity, claiming a vendor's lien on the part of the lands allotted to the purchaser who owed him that sum for the payment thereof, and seeking to enforce the same. *Held*, that the facts of the case and the conduct of the complainant repel all implication, that a vendor's lien was retained by him for the payment of said sum.

APPEAL from Montgomery Chancery Court.
Heard before HON. JNO. A. FOSTER.

ARRINGTON & GRAHAM, for appellant.

GUNTER & BLAKEY, *contra.*

STONE, J.—The present bill was filed to enforce a vendor's lien. The bill is rather peculiar in its frame and averments. Williams, the complainant, was executor of the will of Judkins, who left a considerable landed estate, and some twenty devisees or legatees. By private act of the legislature, approved December 19, 1871—Pamph. Acts 134–5—the executor was authorized to sell the lands to the highest bidder, "in order to facilitate a division and distribution of proceeds of sale." The terms of sale were prescribed, " one-third cash, and the balance on a credit of one and two years in equal installments, with interest." The executor was required to give notice of sale, for three weeks in a newspaper, and to "make a report in writing of said sale to the Chancery Court of Montgomery county, and such sale shall be confirmed or set aside by said court, as to it shall appear fair and just." The bill avers, that pursuant to said statute, the executor sold a large tract of land belonging to said estate on the 22d day of January, 1872, and that Sallie Mc-Carty, the female defendant in this cause, together with four other legatees under said will (she being one), became the joint purchasers, at the bid and price of some sixteen thousand six hundred and fifty dollars. The purchasers made the cash payment, by giving their several receipts to the executor for so much of their several legacies as represented their several proportions of the cash payment; and for the deferred payments they gave the executor their joint notes, payable in one and two years, with interest. Thereupon the executor reported the sale to the Chancery Court of Montgomery county, and it was confirmed.

The bill then avers, that these notes remained unpaid until April, 1876, during which time the lands had undergone a

great shrinkage in their market value, and, as a security for the payment of the deferred installments, had become grossly insufficient. There was then an agreement and compromise between the executor and all the legatees, as follows: The several shares of the legatees under the will were agreed to be fixed at $3,000. The purchasers of the lands were each to give the executor an additional receipt, so as to show, with the former receipt given, the sum of three thousand dollars received by each of the purchasers, in full of all interest in the estate. In addition to this, each purchaser agreed and promised to pay Williams, the executor, the sum of five hundred dollars; making the sum of twenty-five hundred dollars additional to be paid. These additional payments added to the sum of the receipts given—$15,000—foot up $17,500 as the compromise purchase price. Computing interest on the deferred installments, this was a saving to the purchasers of over two thousand dollars. This was carried out, and each of the purchasers, except Mrs. McCarty, paid the executor five hundred dollars. The bill then avers, "that Orator, relying on the promise of the said Fletcher McCarty, the husband of the said Sallie McCarty, that the said sum of five hundred dollars so to be paid by his wife on her said purchase would be settled to Orator's satisfaction in a short time, and this sum of five hundred dollars being the only part of the said joint purchase which had not been paid, reported to the said chancery court that the whole of said purchase-money had been paid by the said purchasers. Said report was made on the 24th day of July, 1876, and upon said report the said chancery court made an order, directing that deeds to the land purchased by them at said sale should be made to the purchasers thereof, or such other persons as they might direct. And thereupon Orator did execute a deed to said tract of land so purchased at said sale to the said Sallie McCarty and the other purchasers thereof." The bill avers, that Williams, the executor, has made a settlement of said estate, and accounted for said money as assets collected; but that Mrs. McCarty's part has never been paid to him. The bill then avers, that the five purchasers of said land had made a partition among themselves, and that a certain portion, described in the bill, fell to Mrs. McCarty in the partition. The bill claims the five hundred dollars as unpaid, with interest thereon from April 4th, 1876, and seeks to condemn to its payment the lands allotted to Mrs. McCarty in partition.

There are many reasons why the lien claimed in this case can neither be enforced nor recognized. There was a joint purchase by five persons of a large tract of land, and joint notes given for the purchase-money, in a sum exceeding eleven thousand dollars. These transactions took place in January, 1872.

The vendor, Williams, retained the title, and clearly had a lien on the whole tract of land for the unpaid purchase-money. Four years afterwards, in 1876, the whole contract was changed, the purchase-money, except $2500 was paid, or surrendered in compromise, and for that sum Williams accepted the individual promise of the several purchasers for their several proportions, Mrs. McCarty's part being five hundred dollars, drawing interest from that date, 1876. If there was any lien then, it was a lien on Mrs. McCarty's undivided fifth interest in the entire tract purchased. The executor went farther. Trusting in Mrs. McCarty's husband to pay, he reported the purchase-money paid, obtained an order to make title to the purchasers, and made them title. The purchasers became tenants in common, as the result of the transaction. They then had partition, and became tenants in severalty. The prayer of the bill is, that a lien be declared on the separate tract allotted to Mrs. McCarty in partition, for the collection of her separate part of the unpaid purchase-money. To do so, a joint purchase and joint note are to be transformed into several promises; a lien reserved in 1872 on an undivided interest, is to be converted, by the silent operation of the law, into a lien on the entire title of a severed and separate part of the tract, and this in payment of a promise given in 1876, to pay the promissor's fifth part of the unpaid balance of the joint promise made in 1872. And all this, it is contended, arises by implication of law, notwithstanding complainant, *relying on the promise of Fletcher McCarty, husband of Sallie McCarty*, reported the purchase-money paid, and obtained the decree of the court affirming that fact. The facts, and the conduct of the complainant repel all implication that a lien was retained.—*Sims v. Sampey*, 64 Ala. 230 ; S. C. 68 Ala. 588. This ruling operates a hardship on Mr. Williams, but it is the result of his misplaced confidence.

This cause is still pending in the court below, and it is possible complainant may wish to offer an amendment to his bill. Such motion can be considered only by the chancellor.

The decree of the chancellor is reversed, and a decree here rendered, sustaining defendant's demurrer to the bill.