# Wood *v.* Stanley.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Sale of decedent's lands; payment of purchase-money.*—When
lands are sold for distribution, under an order of the Probate Court,
and the sale has been confirmed, a conveyance should not be ordered
until the purchase-money has been paid; but the recitals of the decree,
as to the payment of the purchase-money, if not conclusive on the
heirs when they do not appear, are *prima facie* true as against them,
and impose on them the burden of proving non-payment, when they
seek to enforce a lien on the land by bill in equity.

2. *Purchase by administrator at his own sale; when set aside.*—One of
two joint administrators becoming the purchaser at the sale, and the
sale being confirmed, the heirs may elect to treat the purchase-money
as paid when it becomes due, holding his sureties and co-administrator
liable for it, or as unpaid, and resort to the land; but, when the admin-
istrators charge themselves with the purchase-money on final settle-
ment, and a decree is then rendered against them for a larger amount,
including money received from other sources, whereby a new security
was acquired by the liability fixed on their sureties; and execution is
sued out on the decree by one of the heirs, under which the lands are
sold and purchased by third persons,—a bill to enforce a lien on the
lands, filed after the lapse of nine years, can not be maintained.


APPEAL from Pike Chancery Court.

Heard before Hon. N. S. GRAHAM.

The bill in this case was filed on August 28th, 1882, by the
heirs at law of Joseph Wood, deceased, and sought to subject
certain lands, which were purchased by one of the administra-
tors at his own sale, and afterwards transferred to third par-
ties, to a lien for the purchase-money, which was alleged to be
still due and unpaid. The facts shown by the pleadings and

[Wood v. Stanley.]

evidence are, substantially, as follows: Joseph Wood died intestate, in Pike county, and on the 21st day July, 1869, Jesse G. and Joseph R. Wood, two of his sons, were appointed administrators of his estate. On July 27th, 1869, they filed a petition to sell lands belonging to the estate, for distribution. On November 9th, 1869, the lands were sold, and Joseph R. Wood became the purchaser. The sale of the lands was reported to the Probate Court, November 23d, 1869; a supplemental report, showing payment in full by Wood, was made on January 13th, 1873; and an order to make titles granted, and a deed made to Wood, by a commissioner who was appointed by the court to convey title to him. This deed recites that satisfactory proof has been made to the court that the sale was fair, and the price not disproportionate to the real value of the lands. On the same day, a final settlement of the estate was made, in which the administrators charged themselves with the entire purchase-price of the lands purchased by Wood, lands purchased by others, and the amounts realized from the sales of the personalty. Decrees were rendered against the administrators, in favor of the various heirs, for the amounts due them respectively. An execution, issued on the decree in favor of one of the heirs, was levied on the lands in possession of Wood, and they were sold under it, in July, 1873, and purchased by Hill and J. C. and S. Townsend; and have passed by regular conveyances to Stanley, the appellee, who held possession of them when the bill was filed.

The chancellor dismissed the bill, and his decree is here assigned as error.

M. N. CARLISLE, and PARKS & SON, for appellants.—The rule may be, that if a vendor of lands takes additional security at the time of the sale, he would be held to have waived his lien; but the rule is different, if the security is taken *after* the sale. In the earlier cases, it would seem that the lien having once attached, it continued until the payment of the purchase-money, or an express waiver of the lien.—*Bradford v. Harper*, 25 Ala. 337. The mere fact that Wood was both purchaser and administrator, can not extinguish the lien, if in fact the purchase-price has not been paid; nor can the mere fact that Wood charged himself with the purchase-money on his final settlement, and the heirs suffered him to do so, be regarded as a waiver of the lien.—*Breitling's Adm'rs v. Clark & Co.*, 49 Ala. 450. Until all the purchase-price was paid, the order to make title, and the deed made under such order, were void.— *Wallace v. Nickols*, 46 Ala. 321.

[Wood v. Stanley.]

N. W. Griffin, and W. D. Wood, *contra.*—The sale by the administrators to Wood was reported to the court, and the sale confirmed; the purchase-money was reported as paid, and an order made for a deed, and a conveyance made in accordance with the order. These facts constitute presumptive, if not conclusive evidence, of the payment of the purchase-money. *Sims v. Sampey*, 64 Ala. 230. Again, the purchase-money of the lands was charged against the administrators on final settlement, and decrees rendered in favor of the heirs for their proportionate shares. One of the heirs proceeded to enforce the decree, by execution, and a levy and sale of the lands bought by Wood. Under these facts, the heirs must be held to have elected to charge the administrators personally, and to be estopped from now asserting a lien; especially when the balance on final settlement was made up of other assets of the estate, as well as the proceeds of the lands in question.—*Nunn v. Norris*, 58 Ala. 202; *Pickens v. Yarborough*, 30 Ala. 408. One of the heirs has enforced her decree, by a sale of the lands, which the others now seek to subject. The vendor's lien, if it ever existed, is an entirety, and can not be split up. *Sims v. Sampey*, 64 Ala. 230; 68 Ala. 588.

CLOPTON, J.—In *Strange v. Keenan*, 8 Ala. 816, it was held, that the heirs of a decedent have an equitable lien, for the unpaid purchase-money, on lands sold for distribution by commissioners, under an order of the Orphans' Court, which were purchased by the administratrix, though the sale had been confirmed, and a title made by decree of the court. The purchase-money, for which no security was taken, was in fact unpaid, and there had not been any final settlement of the administration. The statute now is, that a conveyance can not be ordered until the whole of the purchase-money has been paid; and it is held that the retention of title is the reservation of a lien.

If it is conceded that the order for a conveyance can be impeached on proper grounds, and collaterally, and that it is not conclusive on the heirs, unless they have appeared and contested the fact of payment, whereby it becomes a proceeding *inter partes*; as the court is without power to order a conveyance, except on full payment of the purchase-money, the recitals of the order are *prima facie* true as against the heirs. The lien retained can exist only for purchase-money unpaid. The report of its payment by the joint administrators, and the decree, upon the ascertainment of the payment, that a conveyance be made to the purchaser, are presumptive of payment. On a bill by the heirs to enforce a vendor's lien, this presumption will prevail, to the exclusion of the lien, in the absence of

[Lyon v. Powell.]

countervailing proof.—*Sims v. Sampey*, 64 Ala. 230. Under such circumstances, the burden is on the heirs to overcome the *prima facie* case of payment; and the failure to do so in the present case is fatal to the complainants' right to relief.

One of the administrators being the purchaser, the purchase-money, when it became due, was, in legal contemplation, in his hands, and his co-administrator and sureties became liable therefor. The heirs had the right to elect to consider the money as in his hands, or treat it as unpaid, and resort to the land. The bill shows, that in January, 1873, a final settlement of the estate was made, on which decrees were rendered severally in favor of the complainants, for the amount of their respective portions of the sum in the hands of the joint administrators, for distribution; and the bill asserts a lien on the lands purchased by one of the administrators for the payment of these decrees. The administrators were debited with the purchase-money; and the sum distributed largely exceeded its amount, consisting, in addition thereto, of money received from the sales of other lands, the sales of personal property, and from other sources. There was a commingling of considerations, and no *data* are given by which to ascertain how much of the decrees was for or in consideration of the purchase-money due by the administrator. By the rendition of the decrees, which fixed a liability on the co-administrator, and the sureties on their official bond, a new security was acquired. On the decree in favor of one of the heirs, an execution was subsequently issued, under which the lands were sold, and purchased by third parties; and the complainants rested for nine years before filing the bill. These circumstances show that the complainants, who were adults, elected to consider the money as in the hands of the administrators, and repel any intention to retain a lien.—*Strange v. Keenan, supra; Williams v. McCarty*, 74 Ala. 295.

Affirmed.

