# The State, use &c. v. Rice et al.

## Bill in Equity for Foreclosure of Mortgage.

1. *Misjoinder; when not available on error.*—When the complainants in a chancery cause appeal from a decree in their own favor, the doctrine of error without injury to them, because of a supposed misjoinder of complainants, cannot be invoked to prevent a reversal, since that would deprive them of the right to cure the misjoinder by amendment.

2. *Validity of mortgage to corporation.*—Any corporation, public or private, has capacity, if not prohibited, to take a mortgage as security for a debt contracted in furtherance of the objects of its creation; and this principle extends to a mortgage taken by trustees, who are by statute constituted a *quasi*-corporation for particular purposes.

3. *Same: township trustees, under special statute authorizing collection and loan of moneys arising from sale of school lands.*—Under the provisions of the special statute approved February 5th, 1858, requiring the comptroller of public accounts to deliver to "the trustees of township fourteen (14), range thirteen (13)," in Lowndes county, the notes in his hands belonging to the said township, arising from the sale of the school lands of the township; ¡authorizing the trustees "to collect, sue for and recover the amount of said notes, in their corporate name, or in the name of the State for their use;" and requiring them and their successors to lend out the money, when collected, "upon notes with two good and sufficient sureties, and to apply the interest arising therefrom to the object for which said fund is intended" (Sess. Acts 1857-8, p. 277); the trustees are created a *quasi*-corporation, and have power to take a mortgage from a sub-purchaser of the lands, including other lands, to secure the unpaid balance of the original purchase-money, which was secured by a mortgage given by the original purchaser for the indemnity of his sureties on the notes for the purchase-money; the former mortgage being cancelled, a part of the debt paid, and the new mortgage given to secure the unpaid balance, with the assent of the trustees, by the terms of the contract between the purchaser and sub-purchaser.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. H. AUSTILL.

The bill in this case was filed on the 13th February, 1878, in the name of the State of Alabama, "and township fourteen, range thirteen, in said county of Lowndes, suing for

use of said township," against Julius T. Rice and wife, Francis Gordon, Daniel W. Rast, and the heirs of Russell P. McCord, deceased; and sought to foreclose a mortgage on certain lands therein particularly described. The lands conveyed by the mortgage were the south-west quarter of section sixteen, and parts of section seventeen; and Gordon was in possession of them, with notice of the mortgage, by purchase from Rice and wife, who held under a conveyance from one Julius C. Reynolds. The said sixteenth section, belonging to the township, was sold by the township trustees, in December, 1853, after an election had been held to ascertain the wishes of the people of the township; at which sale, said J. C. Reynolds became the purchaser of the southwest quarter, at the price of $2,581.74, giving his four notes, for equal sums, payable in one, two, three, and four years, with said Rast and McCord as his sureties; and at the same time, or soon afterwards, in order to indemnity his sureties against their liability on said notes, he executed to them a mortgage on said quarter-section, and also on section seventeen, which then belonged to him. In 1858, the notes of Reynolds being still unpaid, they were delivered by the comptroller of public accounts to the trustees of the township, under the provisions of the statute approved February 5th, 1858, entitled "An act to authorize the trustees of township fourteen, range thirteen, to collect the notes due said township." This act, the material portions of which are stated in the opinion of the court, may be found in the Session Acts 1857–8, p. 277. In October, 1869, the notes being still unpaid, and Reynolds desiring to sell the lands to Rice, "an agreement was then entered into," as the bill alleged, "between said Julius C. Reynolds, his said sureties (Rast and McCord), said Julius T. Rice, and the acting trustees of said township, by which said Reynolds sold and conveyed to said Rice the said lands so mortgaged to his sureties; and said Rice thereupon paid a portion of the amount then due on said four promissory notes of Reynolds, leaving still due and unpaid the sum of $2,214.14, for which he then and there executed his promissory note, payable to said trustees, or their successors in office, twelve months after date, with interest from date; and, to secure the payment of said note, said Rice and wife executed and delivered to said trustees, for the use of said township, a mortgage on the said lands," which is the mortgage now sought to be foreclosed, and a copy of which was made an exhibit to the bill.

There seems to have been no controversy as to the facts. Rice and wife, and Gordon, demurred to the bill, on account of a misjoinder of complainants, and because the trustees

[The State, úse, &c. v. Rice.]

had no authority to make the contract shown by the mortgage and the averments of the bill. The chancellor overruled the demurrer, and held the complainants entitled to enforce a lien on the south-west quarter of section sixteen, but refused any relief as to the other lands conveyed by the mortgage. The complainants appeal from this decree, and here assign as error the chancellor's refusal to grant relief as to all the lands.

CLOPTON, HERBERT &. CHAMBERS, for appellants.—1.  A corporation may lawfully exercise, not only the powers expressly conferred, but also such as are necessary and proper to carry them into effect.—*Ex parte Burnett*, 30 Ala. 461; *City Council v. Plank-road Co.*, 31 Ala. 83.  By the act of February 5, 1858, the township trustees were expressly authorized and required to collect, sue for, and, recover the amount of the notes for the purchase-money of its lands, and to preserve and lend out the money when collected ; and the transaction between them, Rice, and Reynolds, was a lawful exercise of this power.—*Intendant of Livingston v. Pippin*, 31 Ala. 542; *Saltmarsh v. P. & M. Bank*, 17 Ala. 767; *First National Bank v. Nat. Exchange Bank*, 93 U. S. R. 122.  The trustees, for the township, were entitled, by right of subrogation, to the benefit of the mortgage given by Reynolds to his sureties; and by the new arrangement which was effected with Reynolds and Rice, they simply surrendered this benefit, procured a part payment of the debt, and took a new mortgage for the unpaid balance.

2.  Even if the trustees were without authority to make this contract, neither Rice nor Gordon, claiming the benefit of it, can set up this want of authority.—Sedgw. Stat. and Const. Law, 90 ; *National Bank v. Matthews*, 98 U. S. 621; *Gold Mining Co. v. National Bank*, 96 U. S. 640; *Waddell v. Railroad Co.*, 35 Ala. 323.

3.  On this appeal, the question of misjoinder, though presented by the demurrer which was overruled, can not be considered.  If the demurrer had been sustained, the bill might have been amended; and the complainants can not be here deprived of this right to amend.—*Peters v. N. O., M. & C. Railroad Co.*, 56 Ala. 528 ; *Bobe's Heirs v. Stickney*, 36 Ala. 482; *Cowan v. Jones*, 35 Ala 629.

WATTS & SONS, and COOK & ENOCHS, *contra*.—1.  There is a clear misjoinder of complainants, and the demurrer for that cause ought to have been sustained.  Under the general law, the suit should have been brought in the name of the State, for the use of the township (Code, § 989) ; and under the

special statute of 1858, the trustees might have sued in their own names, or in the name of the State for their use ; but there is no legal authority for joining the State and the trustees, and making them sue for the use of the township. The statute prescribes how the suit shall be brought, and no other form can be pursued. For this misjoinder, the bill should have been dismissed ; and the complainants were not injured by the decree.

2. Township trustees are a *quasi* corporation, and can only exercise the powers specifically delegated to them.—1 Stew. 299 ; 5 Porter, 279 ; 14 Ala. 400 ; 30 Ala. 461 ; 31 Ala. 83 ; 36 Ala. 313 ; *Smith v. Insurance Co.*, 4 Ala. 558. The sale of the lands to Reynolds, it is admitted, was made in pursuance of law, and was valid ; but the transaction between him, Rice, and the trustees, in which this mortgage originated, can not be supported,· either as a sale, or as a loan of the township moneys. Viewed in either character, it was wanting in the statutory requisites, and could neither give new rights, nor take away existing rights. As to that portion of the land conveyed which was a part of the township lands, the chancellor allowed the complainants relief ; as to the other lands, they were entitled to none.

BRICKELL, C. J.—It is urged by the appellees, that the demurrer to the bill, because of a misjoinder of complainants, was well taken, and should have been sustained ; and consequently, if the court erred in not granting the appellants larger relief, it was error without injury, as they were not entitled to any relief under the bill as framed. Whether there is or is not a misjoinder of complainants, is not a question now presented by the assignment of errors, and could not be considered and determined without manifest injustice. If the misjoinder exists, it is capable of correction by amendment in the Court of Chancery ; and of the right of amendment, the complainant, if entitled to relief, can not be deprived by the affirmance of an erroneous decree, withholding from him the full measure of relief which may be awarded when the misjoinder is cured.

The special statute in reference to this township, approved February 5th, 1858, directs that all notes belonging to the township shall be delivered to the trustees. (The trustees of the schools of the township are intended, though not so directly expressed.) They are empowered to sue for and recover the amount of said notes *in their corporate name, or in the name of the State of Alabama for their use.* The amount realized from such notes, it is their duty to keep and preserve, for the use of schools ; and they were further empow-

ered to loan moneys collected, taking notes with two good sureties.—Pamph. Acts 1857–8, p. 277. The principal question of the case is the validity of the mortgage, as a security for the payment of the note given by Rice to the trustees, in lieu of the notes given by Reynolds, the purchaser of a part of the sixteenth-section lands, whose notes were in the possession of the trustees, and for the collection of which they were responsible.

It is admitted, that the operation of the statute is to convert the trustees into a *quasi*-corporation, for the purposes and ends which are designated. They are clothed with specific powers, charged with particular duties, and subjected to a strict accountability for the performance of such duties. They have no other capacity or power than that which is expressly conferred, or which is necessary to enable them to carry into effect the purposes of the statute. The property which passes under their control, and which they are required to keep and preserve, so far as is practicable, as a perpetual interest-bearing fund, consisted of choses in action,—of debts due from others. These they were to sue for, and recover,—in other words, to reduce to money,—whenever, and as was necessary to keep and preserve them as a fund bearing an interest of not less than eight *per cent. per annum*; and for any loss of such debts, or of such funds, they were made personally responsible. The loaning of moneys coming to their custody, is one of their express powers and duties. The express power to take mortgages as a security for a debt presently contracted, or a preexisting debt, is not conferred; but it is, of necessity, involved in, and incidental to, the powers conferred and the duties imposed. Any corporation, public or private, if not prohibited, has capacity to take a mortgage of lands or chattels, as a security for a debt contracted with it in furtherance of the objects of its creation.—1 Jones on Mortgages, § 134; Angell & Ames on Corporations, § 156. It would be singular, and would thwart, instead of promoting the purposes of the statute, if a *quasi*-public corporation, created for the purposes, and charged with the duties which are imposed on these trustees, had not the capacity to secure, in any legitimate mode, the payment of the debts due to it. In the course of events, the security of such debts may, without fault or neglect on their part, become precarious; and if it should, they would be derelict in duty, if they did not seek better security. Such, we think, is their duty, and that they have a large discretion in selecting the security which they will accept.

In the present case, the mortgage Reynolds had executed to his sureties, Rast and McCord, was but a security for the

Vol. LXV.

[Brewer v. Watson.]

payment of the debt to the trustees, enuring to their benefit, and to which a court of equity would have subrogated them. Without their consent, it could not have been removed as an incumbrance on the property. When Reynolds sold and conveyed to Rice, it was removed with their consent, upon the payment of a part of the debt, and the execution of the new mortgage by Rice to secure the balance of it. The transaction, in its results, simply accomplished that which could have been accomplished by a decree of a court of equity; and the mortgage is a valid security for the payment of the debt, and as such should be foreclosed.

Let the decree be reversed, and the cause remanded, for further proceedings not inconsistent with this opinion.