# Ryall v. Prince.

*Bill in Equity by Married Woman to have cancelled Deed conveying Land, her Statutory Separate Estate, in payment of Husband's Debt.*

1. *Rule on appeal, where bill is dismissed.*—If the chancellor dismisses complainant's bill, either assigning no reason, or placing the decree on a ground which is untenable, then the rule of this court, on appeal, is, to inquire whether the bill contains equity. If it be substantially wanting in equity, the decree will be affirmed, because it is right, though based on a wrong reason or ground; but if the bill contains defects which are amendable, and which were not pointed out by the ruling of the lower court, this court will reverse and remand, noting the defect, that the complainant may have the opportunity to amend.

2. *Bill by married woman out of possession, to have cancelled conveyance of her statutory separate estate; when contains equity.*—Where a married woman joined her husband in the execution of a deed of trust conveying lands belonging to her, as her statutory separate estate, to secure her husband's debt, and afterwards, under an agreement of compromise and settlement of the debt and the asserted liability of the lands for the payment thereof, she and her husband executed an absolute deed, reciting the agreement of compromise and settlement, and conveying to the creditor a portion of the lands covered by the deed of trust, and the evidence of the debt was given up to the husband, and the deed of trust cancelled; and afterwards the creditor sold and conveyed the lands conveyed by the last deed to another, who took possession, claiming title under his deed,—*held*, that the wife could maintain a bill in equity against the creditor and purchaser from him, to have the deed, executed by herself and husband under the agreement of compromise and settlement, cancelled, although she was out of, and the purchaser in possession of the lands. (*Boyleston v. Farrior*, 64 Ala, 564, re-affirmed and followed.)

3. *Same; rents can not be recovered.*—In such suit rents can not be recovered by the wife, as they are payable under the statute to the husband. (BRICKELL, C. J., *dissenting.*)

APPEAL from Marengo Chancery Court.

Heard before Hon. THOMAS COBBS.

The bill in this cause was filed on 3d July, 1875, by Arabella C. Prince, a married woman, by her next friend, against A. C. Hargrove and H. C. Vaughan, as the administrators of E. B. Vaughan, deceased, J. S. Ryall, and John H. Prince, the complainant's husband; and the case made thereby is substantially as follows: The complainant being seized of a tract of land in Marengo county, devised to her by her father, and held by her as her statutory separate estate, and her husband

VOL. LXXI.

being seized and possessed of another tract in said county, which he had purchased from one Glover with moneys, as was claimed by complainant, belonging to her statutory separate estate, they jointly executed, in 1860, a deed of trust conveying both tracts to a trustee, to secure the sum of $10,000, which the complainant's husband had borrowed from one E. B. Vaughan, the deed containing a power of sale on default in the payment of the debt. The trustee died in 1863, and no successor in the trust was afterwards appointed. E. B. Vaughan died in 1866 or 1867, and A. C. Hargrove and H. C. Vaughan were appointed administrators of his estate. After default, and after the administrators had taken steps to have the lands sold under the power contained in the deed, an agreement of compromise and settlement was made by the parties, the administrators acting under authority conferred by the probate court, by which the complainant and her husband agreed to convey the Glover tract and a stated portion of the other tract, and in consideration thereof the administrators agreed to give up to John H. Prince his note, and to cancel said deed of trust. And on 18th February, 1869, in pursuance of that agreement a deed was executed by the complainant and her husband conveying to the administrators the lands which they agreed to convey. This deed is made an exhibit to the bill, and recites the agreement of compromise and settlement. Afterwards the administrators sold and conveyed the lands to the defendant Ryall, who was in possession, claiming title under the deed executed by the administrators, when the bill was filed. The prayer of the bill is, that the husband be required to convey to the complainant the Glover tract; that the administrators be required to cancel and surrender the deed executed to them by the complainant and her husband, and that the defendant Ryall be required to surrender to complainant said lands and to account for the rents and profits thereof while he was in possession.

On the first hearing, had on pleadings and proof, a decree was entered dismissing the bill; but on appeal to this court that decree was reversed and the cause remanded. See *Prince v. Prince*, 67 Ala, 565. After the cause was remanded, it was again heard on pleadings and proof and also on a motion to dismiss for want of equity; and upon this hearing the Chancery Court entered a decree overruling the motion to dismiss for want of equity, granting the complainant relief as to all the lands conveyed by them to the administrators, except the Glover tract, declaring her entitled to the rents thereof for one year before the commencement of the suit, less the value of permanent improvements placed on said lands by Ryall, and ordering a reference to ascertain the value thereof. The ruling of

[Ryall v. Prince.]

the Chancery Court on the motion to dismiss, and decreeing of rents to complainant are here assigned as error.

GEO. H. LYON, for appellant.—(1) The first decree dismissing the bill was "on the merits," and the complainant having taken the first appeal, she, of course, could not assign as error, or insist in argument, that her bill was wanting in equity. The question raised on the motion to dismiss was not, therefore, before this court on the former appeal.—Code of 1876, § 3158; *Watson v. Knight*, 44 Ala. 352; *Carlin v. Jones*, 55 Ala. 629; *Bobee v. Stickney*, 36 Ala. 482. Not having been passed on, it was *res integra*, and could be made afterwards "at any stage of the cause."—76 Rule of Chancery Practice. (2) On the former appeal in this case it was held that the legal title in all the lands in controversy, except the Glover tract, was in the complainant as her statutory separate estate; that the mortgage of these lands was a *nullity*, the compromise without consideration, and the attempted conveyance of them by deed passed no title to Vaughan's administrators, and that the title to the Glover tract was in Prince, and not in his wife, and of that tract the defendants were *bona fide* purchasers without notice of Mrs. Prince's latent equity. The averments of the bill show that Mrs. Prince was out of, and the defendant Ryall in possession; and no ground is averred showing that a court of law is inadequate to give the complainant the relief she seeks, but, on the contrary, all the averments clearly show that she has a complete and adequate remedy at law. The motion to dismiss should have, therefore, been sustained.—*Daniel v. Stewart*, 55 Ala. 280; *Plant v. Barclay*, 56 Ala. 563. (3) Again, the invalidity of the deeds appears on their face, and they are made exhibits to the bill. The question of their validity could have, therefore, been passed upon by a court of law.—*Garrett v. Lehman, Durr & Co.*, 61 Ala. 391. They do not present such a cloud on the title as will justify the interposition of a court of equity.—*Tyson v. Brown*, 64 Ala. 244. (4) As to the Glover tract the bill is without equity, because no facts are averred showing knowledge, on the defendants' part, of complainant's equity, or such information as would charge them with notice. *Shepherd v. Shaefer*, 45 Ala. 233; *Dixon v. Brown*, 53 Ala. 428. (5) In the case of *Boyleston v. Farrior*, 64 Ala. 564, and the cases referred to in that opinion, the facts are materially different from the facts in this case. In all the former cases the facts show that the complainants and their husbands made deeds that were absolute on their faces, and "were capable of being used as instruments of vexatious litigation; and the lapse of time would endanger the means of defense against them, if rights under them should be asserted." And in *Boyleston v.*

[Ryall v. Prince.]

*Farrior*, it is alleged that the mortgage complained of by her was made by her and her husband, and recites *on its face* that it was given to secure the debt of the *husband and wife*, which can be done in some cases, as where the secured debt is for the purchase-money of lands conveyed to the wife.  *Strong v. Waddell*, 56 Ala. 471.   (6) The complainant's husband was entitled to the rents, and not the wife; and the deed to Vaughan's administrators containing covenants of warranty, the rents passed thereby to them, and from them to Ryall by the subsequent deed.—Code of 1876, § 2706; *Bennett v. Bennett*, 34 Ala. 53; *Weems v. Bryan*, 21 Ala. 302; 25 Ala. 198; *Whitman v. Abernathy*, 33 Ala. 160; *Bishop v. Blair*, 36 Ala. 85; *Warfield v. Ravesies*, 38 Ala. 523; *Lee v. Tannenbaum*, 62 Ala. 501.

J. T. JONES, *contra.*   (1) The equity of the bill was substantially passed on by this court on former appeal, when it was held that the "complainant was entitled to relief."   Therefore, under 76 Rule of Chancery Practice, the motion to dismiss could not again be considered.   See *Taylor v. Harwell*, 54 Ala. 596.   (2) But the right of the complainant to file and maintain the bill, is no longer an open question.   It was settled in *Boyleston v. Farrior*, 64 Ala. 564, where it is distinctly held, that "a married woman having executed a conveyance or mortgage to secure the debt of her husband, may come into equity to have it set aside and cancelled, without averring fraud, duress, or improvidence in the transaction."   (3) Under the provisions of the Code, in suits relating to the wife's statutory separate estate, she must sue alone, where the suit is for the *corpus;* and where the rents, incomes and profits are *the mere incidents* of a suit for the *corpus*, and not the foundation of the suit, she may recover them.—*Pickens v. Oliver*, 29 Ala. 528.

STONE, J.—On the first submission of this cause in the Chancery Court, the chancellor dismissed the bill on the merits, holding that the conveyance executed by Prince and wife to Hargrove passed a good title; and that Ryall, having purchased that title, himself had a good title.   On appeal to this court the decree of the chancellor was reversed, and the cause remanded.   We held that the complainant, Mrs. Prince, was entitled to relief as to all the lands, except one hundred and sixty acres, the title to which had been in John H. Prince, her husband.   This one hundred and sixty acres may be styled the Glover purchase.   As we have said, we remanded the cause for further proceedings therein.   There was a demurrer to the bill as filed, and also a motion to dismiss for want of equity. The particular ground of the motion to dismiss was, that Mrs. Prince, according to the averments of her bill, had a complete

and adequate remedy at law, and, therefore, her bill ought to have been dismissed.  On the return of the case to the Chancery Court, after the reversal here, the motion to dismiss for want of equity was again pressed upon the chancellor, and being overruled by him, it is here assigned as error; and we are asked now to dismiss the bill, because, as to all the lands except the Glover purchase, Mrs. Prince had a plain and adequate remedy at law.   We have declared that Mrs. Prince is entitled to no relief as to the land bought of Glover; and as to all the other lands, she is entitled to relief.—*Prince v. Prince*, 67 Ala. 565.

It is contended for appellant that when this case was before in this court, the only errors which were or could be assigned were in behalf of Mrs. Prince, because she alone appealed, and would not contend that her bill was wanting in equity.   On this ground it is here contended that the question of the equity of the bill was not, and could not then be considered.   This is, to some extent, a misapprehension of the rule in such cases. The question depends on the ruling in the court below, whether granting or denying relief to the extent claimed, and, also, on another question, to be presently considered.   If the chancellor below refuses relief, and dismisses complainant's bill, either assigning no reason, or placing his decree on a ground which is untenable, then our rule is to inquire whether the bill contains equity.   If it be substantially wanting in equity—a non-amendable defect—we affirm the decree, holding that the judgment is right, but placed on a wrong reason or ground. If there be a defect in the bill which is amendable—such as want of parties, the incorporation of improper parties, or a variance between the allegations and proof—we reverse and remand, noting the defect, that the complainant may have an opportunity to amend in the court below.   This privilege is not extended, however, if by a ruling in the court below, made either on motion or demurrer, the defect has been pointed out, and the complainant made no offer to amend.—*Bobe v. Stickney*, 36 Ala. 482; *State v. Rice*, 65 Ala. 83; *Gibbs v. Hodge, Ib.* 366; *Smith v. Connor, Ib.* 371; *McDonald v. McMahon*, 66 Ala. 115; *Sims v. Sampey*, 64 Ala. 230.

Applying these principles to this case, if, when the case was before us at the last term—*Prince v. Prince*, 67 Ala. 565— we had thought Mrs. Prince had a complete and adequate remedy at law, we would neither have reversed nor remanded the cause.   The bill being without equity, and not amendable, the case would have presented the familiar principle of a judgment announcing the proper result, but for a wrong reason.   Our judgment in that cause, reversing and remanding, was itself an affirmation that the bill contained no incurable defect, and that

the motion now pressed is without merit. We follow the ruling in *Boyleston v. Farrior*, 64. Ala. 564, and hold that Mrs. Prince's bill is not without equity.

In decreeing rents to complainant, the chancellor erred. She can not recover them, as they were and are payable to her husband.— *Whitman v. Abernathy*, 33 Ala. 160; *Lee v. Tannenbaum*, 62 Ala. 501.

The decree of the chancellor is reversed and here rendered, decreeing to her the lands which the chancellor awarded to her, and withholding relief as to rents. The defendants below will pay the costs of the original suit, and the appellee and her next friend must pay the costs of appeal.

BRICKELL, C. J. *dissenting*.—The purpose of this suit was the recovery of lands, the statutory separate estate of the complainant. The recovery of rents and profits was a mere incident; as esssentially an incident as the recovery of mesne profits in an action of ejectment, or in a statutory real action. When the recovery of rents and profits is a mere incident of a suit by the wife for the recovery of the *corpus* of her statutory separate estate, she is entitled to recover them.—*Pickens v. Oliver*, 29 Ala. 528.