# Sawyers *v.* Baker.

### *Bill in Equity by Purchaser, for Specific Performance.*

1. *Purchase of lands by husband, with moneys belonging to wife's statutory estate.*—Although the wife can not repudiate an investment of her moneys by her husband, with her consent, in the purchase of lands for her, and recover the money invested; yet, where the husband purchases lands in his own name, and for his own benefit, using funds belonging to the separate estate of his wife, with her consent, in paying the purchase-money, the same principle applies as in case of any other purchase by a trustee with trust funds: she may charge the husband personally, or trace the money and claim the lands, or charge them with the re-payment of her money used in their purchase; and she may assert this equity against all persons except a purchaser for value without notice.

2. *Same; conflicting equities of wife, and sureties and mortgagees of vendor.*—When an administrator sells land under a probate decree, becoming himself the purchaser, giving his note with sureties for the purchase-money, and executing to them, after the maturity of the note, but before he had obtained a conveyance under the order of the court, a mortgage on the lands for their indemnity; if he re-sells a portion of the lands to the husband of one of the distributees, who, with his consent, and with the knowledge of his sureties on the note, uses the wife's distributive share in part payment to the succeeding administrator; the sureties, having afterwards paid the balance due on the note, can not assert, as against the equity of the wife arising out of such use of her moneys, a superior right by subrogation, nor under the mortgage.

3. *Sale by mortgagee, not pursuant to power; rights of assignee.*—A sale of the lands by the mortgagee, not in pursuance of the power contained in the mortgage, is not a valid foreclosure, but operates only as an equitable assignment of the mortgage; and the assignee (or purchaser) acquires thereby no higher rights than the mortgagee himself possessed.

4. *Revision of chancellor's decision on evidence.*—The chancellor's decision on a disputed question of fact, as on the question of notice *vel non,* will not be disturbed by this court on appeal, unless the record clearly shows that it is wrong.

5. *Interest and hires; when wife can not recover.*—The husband being entitled, so long as he remains trustee of his wife's statutory estate, to receive the income of her property, and having power to transfer it; when the wife sues to recover her property which has been sold by him, she can not recover hire; and when she seeks, by bill in equity, to charge lands with the payment of her moneys used by him in its purchase, she is not entitled to interest.

[Sawyers v. Baker.]

APPEAL from the Chancery Court of Blount.

Heard before the Hon. THOMAS COBBS.

This case has been before this court on two former appeals, and may be found reported in 66 Ala. 292, and 72 Ala. 49. The original bill was filed on the 5th July, 1879, by Henry Baker alone (his wife being joined as a complainant with him after the remandment of the cause on the first appeal), against Columbus W. Boone, Thomas Sawyers and others ; and sought the specific performance of a contract for the sale of a tract of land, which the complainant had bought from said Boone, a divestiture of the legal title out of the other defendants, who claimed under said Boone, the recovery of the possession, an account of the rents and profits, and other relief under the general prayer. The land was a part of a tract which had belonged to Josiah McCollum, deceased, who was the grandfather of Mrs. Baker, and she was one of the distributees of his estate. Said McCollum died in 1871, and letters of administration on his death were duly granted on the 18th October, 1871, to said C. S. Boone. Said administrator sold the lands, under an order of the Probate Court, becoming himself the purchaser, at the price of $1,112.40 ; for which sum, as the bill alleged, " he executed his promissory note to the heirs of said estate, or to some of them, with said Thomas Sawyers and John Gamble as his sureties." The sale was reported to the court, and was confirmed by it on the 16th October, 1872 ; and on the 16th January, 1877, a conveyance was executed to him, under an order of the court, by H. A. Gillespie, his successor in the administration, the note for the purchase-money having been paid as hereinafter stated. Boone took possession of the land under his purchase, and in October, 1875, sold a part of the tract, particularly described in the bill, to the complainant, placing him and his wife in possession, as they alleged ; " and they continued in the uninterrupted possession thereof until the spring of the year 1877, when they were dispossessed by Daniel Sandlin, one of the defendants to the bill, " under a judgment obtained in some sort of proceeding instituted in a justice's court." The purchase-money agreed to be paid by said Baker to Boone was $550, and, according to the allegations of the bill, it was paid or settled in this way : " At the time your orator purchased said land, and during the time said trade was being consummated, it was agreed by and between your orator and said Boone, that your orator should see said H. A. Gillespie," the succeeding administrator de bonis non, " and receipt him for said sum of $550, as the husband and trustee of his said wife, Rebecca Baker, and have said sum of $550 placed as a credit on said Boone's note, or in some way cause said sum to be credited on said note ; and in pursuance of said

[Sawyers v. Baker.]

agreement, your orator did receipt said administrator *de bonis non* for said sum of money, as a part of said Rebecca's share of the estate of her said grandfather, and caused said note to be credited with said sum ; and in this way and manner your orator and oratrix made full payment to said Boone for said land so purchased of him, all of which was done by and with the consent and approval of your oratrix, Rebecca Baker."

This was the complainants' title, as set forth in their bill ; while the interest in the land asserted by the defendants was acquired in this manner. On the 7th November, 1874, after the maturity of Boone's note for the purchase-money, but before he had obtained a conveyance under the order of the court, he executed a mortgage on a part of the land including the portion sold to Baker, to said Sawyers and Gamble, to indemnify them against liability as his sureties on the note for the purchase-money ; and on the 10th January, 1876, suit having been instituted on the note, he executed to them another mortgage, conveying the entire tract of land, for the same purpose. This mortgage, a copy of which was made an exhibit to the bill, contained a power of sale, authorizing the mortgagees to sell the lands, publicly or privately, at their discretion, "if said Boone fails to pay off said note, with interest and all costs, on or before suit and judgment on said note." On the 3d January, 1877, a judgment was recovered on said note in the Circuit Court of the county, in favor of said Gillespie as administrator *de bonis non*, against said Boone, Sawyers and Gamble, for $889.12, with interest and costs, the balance due after deducting the credit of $550, or about that sum. On the 23d January, 1877, Sawyers sold and conveyed the lands to said Daniel Sandlin, in consideration of $902 in hand paid, which money was used in the payment and satisfaction of said judgment; and Sandlin was in possession, claiming under this conveyance, when the bill was filed.

A decree *pro confesso*, on the original bill, was entered against Gamble, who made no defense to the suit. Demurrers were filed by Sawyers and Sandlin jointly, which were considered by this court on the former appeal.—72 Ala. 49. Sandlin having afterwards died, the cause was revived against his heirs and personal representatives ; and an answer was afterwards filed by them, jointly with said Sawyers. In their answer said respondents alleged, that said mortgages were executed by Boone to Sawyers and Gamble in pursuance and fulfillment of an antecedent promise, made verbally at the time they became his sureties on the note; that Baker had notice of this fact when he purchased a portion of the land, and always acknowledged that his purchase was subordinate to their rights under the mortgage ; denied that the money paid by Baker belonged to

his wife, but admitted that he made a payment of $500, which was entered as a credit on Boone's note; and claimed that their rights and equities, both under the mortgages, and by subrogation on account of their payment of the judgment, were superior to the equity asserted by the complainants, of which they had no notice.

On final hearing, on pleadings and proof, the chancellor held that the evidence did not satisfactorily show that the entire amount of the agreed purchase-money, $550, was paid by the complainants, or either of them, and therefore they were not entitled to a decree for the specific performance of the contract; but that it was satisfactorily shown that the payment of $500 was made with the moneys of Mrs. Baker's statutory estate, being a part of her distributive share of her grandfather's estate, and that Sawyers and Gamble had received the benefit of that payment, in reduction of their liability on Boone's note, knowing the source from which it was derived; and that she was therefore entitled, under the general prayer of the bill, to a decree declaring a lien on the lands in her favor, for the amount so paid, with interest thereon; and he rendered a decree accordingly, citing the following cases: *Preston & Stetson v. McMillan*, 58 Ala. 84; *Munford v. Pierce*, 70 Ala. 458; *May v. Lewis*, 22 Ala. 646. The defendants appeal from this decree, and here assign it as error.

On the first argument of the cause, an opinion was delivered, affirming the judgment and decree of the chancellor; but, on application for a re-hearing by the appellants' counsel, that opinion was withdrawn, and the one here published was pronounced.

THOS. H. WATTS, HAMILL & DICKINSON, and GEO. H. PARKER, for appellants.—The first mortgage to Sawyers and Gamble conveyed the tract of land afterwards sold by Boone to Baker, and was executed in November, 1874, nearly two years prior to that sale. If Baker's purchase was made for his wife, her funds being used in the payment made, and she claims the benefit of the purchase, she must take it as a whole, and must comply with all the stipulations of the contract on the part of her husband; by which, as Boone testifies, he promised to pay off the debt to the estate.—*Carver v. Eads*, 65 Ala. 192. If Mrs. Baker has an equity to charge the land to the extent of her moneys invested in the purchase, her equity is not superior to that of Sawyers and Gamble under their first mortgage, of which she had constructive notice by its registration; and when they paid off the judgment recovered on the note for the purchase-money, they were entitled to be subrogated to the rights and lien of the estate upon and against the entire tract

[Sawyers v. Baker.]

of land.— *Wood v. Sullens*, 44 Ala. 686; *Knighton v. Curry*, 62 Ala. 404; *Wallace v. Nicholl*, 56 Ala. 321. Although the sureties, Sawyers and Gamble, got the benefit of the $500 paid by or for Mrs. Baker, that does not give her an equity superior to theirs arising from the payment of the residue of the entire debt, for which they and the land were bound before she acquired any rights.—*Judge v. Wilkins*, 19 Ala. 765.

JNO. W. INZER, *contra.*—Plaintiffs' possession was sufficient to charge all subsequent purchasers and mortgagees with notice of their rights and interest.—*Sawyers v. Baker*, 66 Ala. 292; *Brunson v. Brooks*, 68 Ala. 248. The note on which Gamble and Sawyers became sureties for Boone, imposed on them no legal liability, since the administrator, their principal, occupied the position of both creditor and debtor; and the mortgage given for their indemnity was without legal consideration, and was given before Boone had acquired any title to the land. The sureties received the benefit of the payment made by Mrs. Baker, knowing that the money was hers; and their subsequent payment of the residue of the debt, which alone gives them any standing in court, does not make their lien superior to hers. That the court might declare a lien in favor of Mrs. Baker, and charge the land with its payment, under the general prayer, see *Preston & Stetson v. McMillan*, 58 Ala. 84, and other cases cited by the chancellor.

CLOPTON, J.—On the application for a re-hearing, we have re-examined and re-considered the pleadings and proof, in connection with the decree of the chancellor.

It may be conceded that a married woman is not entitled to recover money, though the *corpus* of her statutory separate estate, which her husband has used, with her concurrence, in the purchase of lands for her. It being the duty and right of the husband, as trustee, to invest the money of his wife so as to make it productive, she will not be permitted to repudiate as void an investment made for her by her consent, the benefits of which she received. If the present was a case of an investment made by Baker for his wife, with her concurrence, the principles pressed by counsel might be applicable. If Mrs. Baker's rights were acquired through, and were dependent on the contract of her husband with Boone, the performance of its terms and conditions on her part would be preliminary and antecedent to the enforcement of such rights, unless there were special circumstances modifying the rule.

But such is not the case made by the pleadings and proof. The lands were purchased from Boone by Baker, for himself, and in his own name, though he used in payment, or part pay-

30

ment, the distributive share of his wife in her grandfather's estate, with her consent. The case presented is that of a trustee having invested money in the purchase of lands in his own name. No principle is better established in courts of equity, than that if a trustee invests money, under his control in a fiduciary capacity, in the purchase of lands, the *cestui que trust* may charge the trustee personally, or trace the money, and claim the lands, or charge them with its payment. It has been uniformly held, that this rule is applicable to the investment by the husband, of the statutory separate estate of the wife, in lands; and when the husband uses money belonging to the separate estate of his wife, in the purchase of lands, taking the conveyance in his own name, the wife may claim the lands, or charge them with the payment of the money: an equity is created in her favor. This equity may be asserted against all persons, except purchasers for value without notice.—*Tilford v. Torrey*, 53 Ala. 120; *Nettles v. Nettles*, 67 Ala. 599.

There can be no question, that Baker purchased the lands from Boone in his own name, and that he paid for them with the distributive share of his wife, which was her statutory separate estate; the conveyance to be made to him, when his vendor was in condition to make a deed, or cause one to be made. An equity thereupon arose in favor of Mrs. Baker, which a court of equity will enforce, unless prevented by prior and existing, or supervening rights of third persons. It is insisted, that the rights of the sureties of Boone on his note for the purchase-money, under the mortgage of November 7, 1874, are superior to the equity of Mrs. Baker, and that they also have a superior right by subrogation. The lands of the estate of McCollum were sold by Boone, as administrator, in 1872, under an order of the Probate Court, on a credit until January 1, 1874, and were purchased by himself. Sawyers and Gamble were the sureties on his note for the purchase-money. After the maturity of the note, on November 7, 1874, Boone, without any present or new consideration, executed to his sureties, for their indemnity, a mortgage on a part of the lands purchased by him, being the land in controversy. Afterwards, Boone sold the mortgaged lands to Baker, on the agreement that Baker should apply his wife's distributive share, to the amount of $500.00, in payment; Boone having previously resigned, or having been removed as administrator, and Gillespie having been appointed administrator *de bonis non*. Thereupon, Baker receipted Gillespie for his wife's distributive share, and the amount was credited on Boone's note. The sureties, in 1877, paid the balance of the note.

At the time the mortgage was executed, no conveyance of the lands had been made to Boone. A conveyance was not

made until after the full payment of the purchase-money, in January, 1877. Until then, the legal title remained in the heirs of McCollum, one of whom was Mrs. Baker. The mort-gage conveyed only Boone's equity. The equity of the mort-gagees can not prevail against the equity of Mrs. Baker, sup-ported by her legal title, under the special circumstances of this case. The mortgagees were liable for the entire purchase-money due by Boone, and were not authorized to make the mortgage security available, until judgment was rendered on the note, and Boone made default in its payment. Nearly one-half of the principal of the note was paid with the distribu-tive share of Mrs. Baker. The sureties took the benefit of this payment, with notice of the source and mode of payment. In such case, they will not be permitted to enforce the lien on the same land, against the equity of Mrs. Baker, for the pay-ment of the balance of the note, and thus obtain a double realization and indemnity from the same security. Such was the rule applied in this case on a former appeal.—*Sawyers v. Baker*, 72 Ala. 49.

The contract of sale between Boone and Baker was in parol. Conceding, as the answer of defendant claims and alleges, that Baker was never put in possession by the seller, and never was in possession, the contract of sale was void under the statute of frauds; and Mrs. Baker was entitled to recover from Boone the money paid, in an action at law. The mortgagees, when with notice they took advantage of the payment, and received and accepted a discharge, *pro tanto*, from liability as sureties on the note for the purchase-money, ratified the payment, sub-ject to all its equities and burdens. Being a payment made by a trustee with trust funds, from which the *cestui que trust* re-ceived no benefit whatever, the equity of the *cestui que trust* is to charge it on the land, in which it was invested. If the sureties did not intend to hold the land for further and future indemnity against liability for the unpaid portion of the note, subject and subordinate to this equity, they should have promptly disaffirmed the payment on receiving notice. But, having availed themselves of its benefit, with knowledge of its character, the court will not maintain in their favor an equity, either under the mortgage, or by subrogation, superior to the equity of Mrs. Baker, with whose money the payment was made, and who would have been entitled to, and would have received, as an heir, her portion of the entire purchase-money, had it been paid by the sureties.

The conveyance to Boone in 1877, under an order of the Probate Court, vested in him the legal title. The sale by Sawyers to Sandlin was not made, so far as disclosed by the record, in pursuance of the power contained in the mortgage,

[Todd v. McCravey's Adm'r.]

and, consequently, was not a valid foreclosure. The only effect which the sale and conveyance to Sandlin can have, is to operate an equitable assignment of the mortgage. As such assignee, he acquired no higher or other rights than the mortgagees possessed.—*Sloan v. Frothingham*, 72 Ala. 289.

We have assumed, that the mortgagees and Sandlin had notice of the equity of Mrs. Baker, for the reason, that the chancellor so found on the evidence. There is not a decided preponderance of evidence against his conclusion. Considering the conflict in the testimony, the chancellor might have reasonably attained either conclusion. We will not disturb his finding on a question of fact, unless we see clearly it is wrong. *Marlow v. Marlow*, 52 Ala. 113.

The chancellor erred, however, in decreeing that Mrs. Baker be allowed interest. The husband alone, so long as he remains trustee, is entitled to receive, and may transfer, the income of his wife's statutory separate estate. When suit is brought on a promissory note, or for the detention of property, the *corpus* of her statutory separate, in the name of the wife, interest or hire, being a mere incident of the suit, is recoverable.—*Pickens v. Oliver*, 29 Ala. 528. But, when a married woman brings suit to recover property belonging to her statutory separate estate, which has been sold by her husband, or brings her bill to charge land with the payment of money which has been used by him in its purchase, she is not entitled, in the one case, to recover hire, nor interest in the other. *Whitman v. Abernathy*, 33 Ala. 154; *Ryall v. Prince*, 71 Ala. 66. The extent of Mrs. Baker's equity is to have the *corpus* of her separate estate restored.

The judgment of affirmance is set aside, the decree of the chancellor is reversed, and a decree will be here rendered in accordance with this opinion. Costs of appeal will be divided between appellants and appellees.