# Bergan *v.* Jeffries.

## *Bill in Equity to Enjoin Action at Law.*

1. *Mortgage of wife's statutory estate a nullity.*—A mortgage by a married woman of her statutory separate estate, to secure the debt of her husband, is a nullity.

2. *Same ; a bill to enjoin suit on, without equity.*—A bill to enjoin a suit on such mortgage is without equity, there being a good and perfect defense to the action at law.

3. *Same ; fraud does not give jurisdiction.*—The fact that a fraud may have been perpetrated on the wife, would not give jurisdiction, without some other ground of equitable cognizance, where there is a plain and adequate remedy at law.

4. *Same ; when mortgaged property is real estate.*—If the property mort-

[Bergan v. Jeffries.]

gaged were real estate, instead of mere personalty, under the decisions of this court, the bill would not be without equity.

4. *Jurisdiction.*—No jurisdiction can be derived from section 3757 of the present Code.

APPEAL from the Chancery Court of Russell.

Heard before the Hon. JNO. A. FOSTER.

The bill in this case was filed by Mrs. Sarah J. Jeffries to enjoin an action of detinue, commenced in the Circuit Court of Russell county by the appellant, M. T. Bergan, who sought to recover certain personal property, named in a mortgage executed to him, signed with the names of appellee and her husband. The bill avers that the name of appellee was fraudulently signed to the mortgage ; that the property therein named was her statutory separate estate ; and that the debt secured was the debt of her husband. The bill prays for the cancellation of the mortgage, and that said Bergan be perpetually enjoined from proceeding against the property named therein, and for the surrender and cancellation of the note secured by the mortgage. Defendant demurred to this bill, on the ground, "that the case made by the bill sought no relief that plaintiff could not obtain upon trial at law of the pending action." The chancellor overruled the demurrer, and granted leave to complainant to amend her bill, showing how she came possessed of the property, claimed as her statutory separate estate.

The bill was submitted on pleadings and testimony, and the chanceller rendered a decree declaring the mortgage null and void, ordered a restoration to plaintiff of the property seized by appellee under the mortgage, with damages for its detention.

From this decree defendant appeals, and assigns the same, together with the decree overruling defendant's demurrer to the original bill, as error.

WATTS & SON, for appellant.

A. A. DOZIER and W. J. SAMFORD, for appellee.

SOMERVILLE, J.—The bill is filed to enjoin an action in a court of law, which was brought to recover certain specific personal property. The title of the plaintiff in that action, Bergan, was dependent on a mortgage purporting to have been executed by the appellee, Mrs. Jeffries. The bill states facts which, if true, show the mortgage to be absolutely void. It avers that the property purporting to have been mortgaged was the statutory separate estate of Mrs. Jeffries, and that her name was signed to it by her husband, then living, without her knowledge or consent, and that the debt was that of her hus-

band. Our decisions are uniform in holding such a convey-ance to be a mere nullity, even where executed with the full consent of the wife. This was a good and perfect defense to the action at law, and the bill was, therefore, without equity.

This being the case, the fact that a fraud may have been per-petrated on the wife by the unauthorized use of her signature, would not give jurisdiction, because fraud alone, without some other ground of cognizance, does not authorize a party to seek redress in a Court of Chancery where he has a plain and ade-quate remedy at law.—*Smith v. Cockrell*, 66 Ala. 64; *Dickin-son v. Lewis*, 34 Ala. 643 ; *Knotts v. Turver*, 8 Ala. 743.

If the property mortgaged were real estate, instead of mere personalty, it may be that, under our decisions, the bill would not be without equity. But the reason of these cases has no ap-plication to void conveyances of personal property—*Ryall v. Prince*, 71 Ala. 66 ; *Boyleston v. Farrior*, 64 Ala. 564 ; *Pee-ples v. Burns*, 77 Ala. 290.

It is obvious that no jurisdiction can be derived from section 3757 of the present Code. That section on its face applies only to cases of ordinary equitable cognizance. Its language is that "Courts of Chancery shall take cognizance of cases *in equity*," in the particular instances mentioned.

The decree of the chancellor, granting relief to the com-plainant is erroneous and must be reversed, and a decree will be rendered in this court dismissing the bill.